1844.

McKinstry
v.
Curtis.

McKINSTRY and another, adm'rs, *vs.* CURTIS.

Where the equity of redemption in mortgaged premises is sold under a judgment, or under a junior mortgage, which judgment or mortgage is a lien upon the equity of redemption merely, the legal presumption is that the purchaser only bids to the value of the equity of redemption. And the land thus purchased is, in equity, the primary fund to pay the amount due upon the prior bond and mortgage. Such purchaser is not therefore entitled to an assignment of the prior mortgage, to enable him to collect it out of the property of the mortgagor.

THIS was an application to dissolve an injunction restrain- January 2. ing the defendant from proceeding to foreclose a mortgage under the statute. The intestate of the complainants took a second mortgage upon the premises, for a debt due from the mortgagor, but without personal liability on the part of the mortgagor for the debt. The complainants foreclosed that mortgage without making the holder of the prior mortgage a party, and bid in the property. They thereupon insisted that the holder of the prior mortgage should resort to the personal liability of the mortgagor, upon his bond given with the first mortgage, instead of proceeding against the mortgaged premises; or that the prior mortgagee should assign such bond and mortgage to them, upon being paid the amount thereof, to enable them to collect the same from the mortgagor.

*K. Miller,* for the complainants.

*M. T. Reynolds,* for the defendant.

The CHANCELLOR decided, that where the equity of redemption in mortgaged premises is sold under a judgment, or under a junior mortgage, which judgment or mortgage is a lien upon the equity of redemption merely, the legal presumption is that the purchaser only bids to the value of such equity of redemption; and that the land thus purchased is in equity the primary fund to pay the amount due upon the

prior bond and mortgage.   He said it would therefore be inequitable for the holder of the prior bond and mortgage, in this case, to assign the same to the complainants, to enable them to collect the amount thereof out of the property of the mortgagor, by a suit upon the bond, under the circumstances stated in their bill.

Injunction dissolved.(*a*)

_____

(*a*) See *Tice* v. *Annin*, (2 *John. Ch. Rep.* 125 ;) and *Heyer* v. *Pruyn*, (7 *Paige's Rep.* 465.)