## SUPREME COURT.

### DAUCHY AND DAUCHY agt. BENNETT.

Where a judgment creditor has proceeded to sell under his judgment and take a sheriff's deed of premises, and thus secured the title of the mortgagor in a prior outstanding mortgage upon the premises, such purchaser is entitled to pay off and cancel such outstanding mortgage. But he is not entitled to an assignment from the mortgagee or his assignee in such case, as a matter of course. The purchaser in such case is presumed to bid only to the value of the equity of redemption, and the premises in his hands become the primary fund in equity for the payment and satisfaction of such prior mortgage. To entitle a purchaser to an assignment under such circumstances, he must show affirmatively and clearly, that such assignment is necessary to protect such title or fund in his hands.

The rule seems to be otherwise before the sale, while the judgment is but a lien on the premises. The right to an assignment it seems, does not spring directly from the right of redemption, but from the necessity of the assignment to the protection or enforcement of some right in the redeeming party.

*Steuben Special Term, Nov.* 1852. The plaintiffs purchased the premises in question at sheriff's sale upon executions issued upon several judgments, which were liens subsequent to the incumbrance of the defendant's mortgage, and took a sheriff's deed.

The plaintiffs were the judgment creditors. The defendant proceeded to foreclose his mortgage in equity, and made the plaintiffs parties. The plaintiffs tendered the amount due upon the mortgage and demanded an assignment of the bond and mortgage, which the defendant refused to execute.

This action is brought to compel the defendant to receive the amount due upon the bond and mortgage of the plaintiffs, and assign his bond and mortgage to them.

The defendant demurs to the complaint generally, " that the said complaint does not state facts sufficient to constitute a cause of action."

H. J. KING, *for Plaintiffs.*

WASHINGTON BARNES, *for Defendant.*

JOHNSON, Justice.—The plaintiffs have an undoubted right to pay off the mortgage and thus wipe away the incumbrance from

their premises. But their offer of payment is coupled with a demand of the assignment of the bond and mortgage to them. The complaint does not show that the plaintiffs offered or were ready to pay, except upon the condition of the defendant's executing the assignment. Were the plaintiffs entitled, on payment of the amount due, to demand an assignment of the bond and mortgage? I think not. They were the purchasers under their judgments of the mortgagor's equity of redemption merely; and it is well settled, that the purchaser in such case, is presumed to bid to the value of the equity of redemption only, and that the land in his hands becomes thereafter the primary fund for the payment of the prior incumbrance (Matthews vs. Aikin, 1 *Comst.* 595. McKinstry vs. Curtis, 10 *Paige,* 503; Russell vs. Allen, *id.* 249; Cox vs. Wheeler, 7 *id.* 248; Tice vs. Annin, 2 *John. Ch.* 125). An assignment of the bond and mortgage to the plaintiffs would enable them to prosecute the bond and collect the debt out of the mortgagor by judgment and execution, while holding the land as a fund in their hands for the payment of the mortgage debt. It would also enable them to foreclose the mortgage and cut off the right of dower, of the wife of the mortgagor, to which their title under the sheriff's deed is now subject, and which would be preserved by a payment and discharge of the mortgage with the funds in the plaintiffs' hands. In every point of view, therefore, it is inequitable in the plaintiffs to demand an assignment. Indeed, this precise question was so decided by the chancellor in McKinstry vs. Curtis.

No facts are stated in the complaint to show why a satisfaction and discharge of the mortgage would not be quite as beneficial to the plaintiffs as an assignment, so far as the protection of the equity of redemption which they have purchased is concerned. The plaintiffs now hold this land under the sheriff's deed as a primary fund in equity for the payment and satisfaction of the mortgage debt; according to all the cases, and the only ground upon which equity will interfere to compel an assignment must be, I think, that an assignment is necessary in order to afford a complete protection to such fund in the purchaser's hands. The court has no power to compel one person to sell and assign a security or chose in action to another, unless such transfer is

Dauchy and Dauchy agt. Bennett.

shown clearly to be indispensable to the attainment of complete justice, the protection and preservation of some unquestionable right, or the prevention of some manifest wrong.  No such case is made by the complaint.  It is not pretended that there are any other liens or claims upon the land which can in any way interfere with the plaintiffs' title when this mortgage is paid off and discharged.  It is of no consequence whatever, so far as the right of action here is concerned, that Snell, the mortgagor and judgment debtor is insolvent, and the plaintiffs are unable to collect a large portion of their judgments, as alleged in the complaint. It is the protection of the estate or fund alone, to which the court will look, and not the pecuniary condition of the debtor, or the advantages to be gained by the creditors independent of such protection.  This power to compel an assignment, would be a dangerous one indeed, if it could be exercised arbitrarily, or upon any mere suggestion of profit or convenience to the party invoking it.

The plaintiffs' counsel relies upon the decision in the case of Pardee vs. Van Auken (3 *Barb. S. C.* 534), as decisive of the question involved in this case.  But that case has, as I conceive, no application to this.  In that case it appeared that the mortgagor in the junior mortgage, who held the legal title, had covenanted with his mortgagee to pay off and discharge the prior mortgage.  He had failed to do so, and the mortgagee in the prior mortgage was proceeding to foreclose, and the court held that the subsequent mortgagee, on payment of the amount due on the first mortgage, was entitled to an assignment in order to protect his rights completely against the subsequent mortgagor, who still held the legal title, and who might sell and convey the premises at any time after the prior mortgage should be paid off and satisfied.  That the assignment was properly decreed in that case, can not be doubted.

But this is not that case.  Here the plaintiffs hold the legal title to the land; all the right and title which Snell, the mortgagor, ever had, and they stand in his shoes.  He is entirely divested of all right and title by the sale and conveyance of the sheriff, and can do nothing to affect their rights.  Before the sale of the premises by these plaintiffs, and perfecting title under

their judgments, their situation was nearly, though not completely analagous to that of the subsequent mortgagee in Pardee vs. Van Auken. They then had a mere lien upon the premises and strictly, as suggested by Mr. Justice GRIDLEY in that case, had they then come to redeem would have redeemed the prior incumbrance and not the premises.

Now, however, it is different; their lien has ripened into a title and the discharge of the incumbrance of the mortgage, is all that is necessary to the perfection and security of that title, so far as we can see from the allegations of the complaint. They now redeem the premises which they hold in fee, from the incumbrance. I am inclined to doubt the dictum of Mr. Justice GRIDLEY, that the right to an assignment springs directly from the general right of redemption. I am of opinion that the right springs rather from the necessity of the assignment to the protection of some right in the person redeeming, and which should always be shown by the complainant. And that it does not necessarily follow that a person has the right to an assignment because he has the right to redeem.

It is sufficient, however, for the purposes of this case to observe, that the decision in McKinstry vs. Curtis, is not overruled or questioned, or even alluded to in Pardee vs. Van Auken, and as the two decisions are not necessarily in conflict, the former must still be regarded as the established rule of equity in this state.

The plaintiffs' counsel insists that a general demurrer is not authorized or allowed under the Code. The demurrer in this case, though in the exact language of the sixth subdivision of § 144 of the Code, is nothing more nor less in fact, than a general demurrer to the whole bill or complaint, for want of equity, which was always allowable in pleadings in equity suits.

However this vexed question may be ultimately settled in regard to demurrers in actions strictly legal in their character, I think it can not be reasonably pretended that the Code has changed the rule in this respect as to pleadings in actions purely equitable in their nature. This being an action purely of equitable cognizance, I think the demurrer is proper in form. I am also of opinion, for the reasons above stated, that it is well taken and must be allowed. Judgment for the defendant upon the demurrer.