JAMES G. JOHNSON, Respondent, *v.* WILLIAM F. ZINK, Appellant.

Where the owner of a piece of land sells the same subject to a mortgage executed by him thereon, given to secure his bond, the land in equity becomes the primary fund for the payment of the debt, and upon payment of the bond the obligor is entitled to be subrogated to the rights of the obligee, so that he can reimburse himself by recourse to the mortgaged premises, and he may require an assignment of the bond and mortgage to an assignee of his nomination for his benefit; and if, upon tender of the amount unpaid, the holder of the bond and mortgage refuses to assign, an action can be maintained against him to compel such assignment.

(Argued September 23, 1872 ; decided January term, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the eighth judicial district, affirming a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought to restrain the prosecution by the defendant of an action upon a bond given by the plaintiff, which was secured by a mortgage on real estate, and for the subrogation of the plaintiff or some person nominated by him to the rights of the defendant, on being paid the amount due him. (Reported below, 52 Barb., 396.)

On the 29th day of August, 1856, the plaintiff, being the owner of a lot of land in Cattaraugus county, executed a mortgage thereon to Elias Root, as collateral security to his bond of even date, for $1,000 with interest, and on the 12th day of December, 1857, he and his wife conveyed the mortgaged premises, subject to the mortgage, by a deed of that date, with general covenants of warranty, to John K. Comstock. The principal of the mortgage formed a part of the consideration of the conveyance, and was deducted from the purchase-price thereof.

The said Comstock and his wife subsequently, on the 2d day of December, 1864, conveyed the same premises to Mary C. Zink, the wife of the defendant, by a deed of that date, containing general covenants of warranty. She paid Comstock the whole of the purchase-money therefor, with full knowledge by herself and the defendant, who acted as her agent, of the existence of the said mortgage, and it was agreed between Comstock, Mrs. Zink and the defendant that Comstock should pay the said mortgage when it fell due.

The defendant subsequently purchased the bond and mortgage, and he continued to be the owner thereof at the time of the trial. Comstock, previous to the purchase thereof by the defendant, had departed this life, intestate and insolvent, leaving the same unpaid, and defendant commenced an action against plaintiff on the bond to enforce such payment, claiming the principal sum of $1,000, with interest thereon from the 5th day of August, 1865. After its commencement, the plaintiff in this suit tendered to and offered to pay the defend-

ant herein (the plaintiff to the action on the bond) the amount claimed by him to be due and unpaid on the said bond and mortgage, and the further sum of seventeen dollars for the costs and disbursements which had accrued on the action commenced thereon, and at the time of such tender demanded of the defendant that he should sign a stipulation for the discontinuance of his action, and execute and deliver an assignment of the said bond and mortgage to Marcus H. Johnson. The defendant refused to accept such tenders, or either of them, and refused to sign such stipulation and execute and deliver such assignment.

On such refusal, the plaintiff commenced this action, and the referee on those facts found the following conclusions of law:

1st. · That the plaintiff was entitled to be subrogated to said bond and mortgage, and that the same become and be declared the property of the plaintiff as hereinafter stated.

2d. That the plaintiff was entitled to have judgment against the defendant for his costs and disbursements in this action, and directing and ordering the defendant, upon tender or payment to him by the plaintiff of the sum of $1,124.23, with interest from the 23d day of May, 1867, and the additional sum of seventeen dollars (being for the defendant's disbursements and costs in his action on the bond), less the costs and disbursements of the plaintiff in this action, to be adjusted by the proper officer, to assign, by an adequate instrument of transfer, said bond and mortgage to Marcus H. Johnson, for the plaintiff's benefit.

3d. That the defendant be forever enjoined and restrained from further prosecuting his action on said bond, both he, his agents, attorneys or assigns.

*Angel & Finch* for the appellant. The deed to Comstock, aside from the parol evidence, creates no obligation on his part to pay the mortgage. (*Tillotson* v. *Boyd*, 4 Sandf., 516; *Stebbins* v. *Hall*, 29 Barb., 524; *Minor* v. *Terry*, 6 How. Pr., 208.)

*D. H. Bolles* for the respondent.   The premises were made by the deed primarily chargeable with the mortgage debt. (*Marsh* v. *Pike,* 10 Paige, 595 ; *Cherry* v. *Monroe,* 2 Barb. Ch., 618 ; *Cornell* v. *Prescott,* 2 Barb., 16 ; *Ferris* v. *Crawford,* 2 Denio, 595.)   Plaintiff, upon tendering the amount unpaid, was entitled to an assignment of the bond.   (*Cherry* v. *Monroe,* 2 Barb. Ch., 618 ; *Ellsworth* v. *Lockwood,* 42 N. Y., 80.)   Ample notice was given of plaintiff's equity.   (*Acer* v. *Westcott,* 1 Lans., 193.)   Defendant's objection as to the non-joinder of his wife as a codefendant is not well taken. (Code, §§ 146, 148.)

Lott, Ch. C.   The conveyance by the mortgagor of the mortgaged premises, " *subject to* " the mortgage in question, to Comstock conveyed to him the equity of redemption only, and consequently the mortgage was to be discharged and satisfied out of those premises, before any right or interest therein was acquired by the grantee, and as between those parties it is clearly equitable that such discharge and satisfaction should be made out of the said premises, and that the obligor and mortgagor should not, in exoneration thereof, personally be called upon to pay the same out of his individual property. The effect of the transaction was in equity to make the land the primary fund for the payment of the debt, and to place the plaintiff in the situation or relation of surety therefor only. This principle is clearly established.   (See *Jumel* v. *Jumel,* 7 Paige, 591–594; *Halsey* v. *Reed,* 9 id., 446–453, etc. ; *Marsh* v. *Pike,* 10 id., 595; *Cherry* v. *Monroe,* 2 Barb. Ch., 618 ; *Ferris* v. *Crawford,* 2 Denio, 595; *Stebbins* v. *Hall,* 29 Barb., 524, 529, 538.)

This relation between the mortgagor and his grantee do not deprive the obligee from enforcing the bond against the obligor.   He is entitled to his debt, and has a right to avail himself of all his securities.   Equity, however, requires that the obligor, on the payment of the debt out of his own funds, should be subrogated to the rights of the obligee, so that he can reimburse himself by a recourse to the mortgaged premi-

ses for that purpose. This cannot prejudice the creditor, and it is clearly equitable as between the debtor and the owner of the land. He clearly has no right or color of right, justice or equity to claim that he, notwithstanding the conveyance of the property subject to the mortgage, and thus entitling him only to its value over and above it, should in fact enjoy and hold it discharged of the encumbrance, without any contribution, toward its discharge and satisfaction, from the land. This equitable principle is fully recognized in most of the cases above cited. Indeed, it is so consistent with right and justice as to require no authorities to sustain it.

Upon the application of it to this case, the plaintiff was entitled to protection and indemnity out of the mortgaged premises for what he was called upon to pay for the land, and it was reasonable and proper to have an assignment of the bond and mortgage made to an appointee of his nomination, for his benefit, so as to save any legal technical question that might arise out of the transfer of the security to the debtor and obligor himself, or as to its operation to satisfy the debt. Whether it was made to the plaintiff himself, or another person to hold for him, was wholly immaterial to the defendant.

The decision of the referee was, therefore, right on the merits; nor is there any ground for the reversal of the judgment on the admissibility of evidence. Assuming, as claimed by the appellant, that it was irrelevant and immaterial whether at the time of the execution of the deed from the plaintiff to Comstock there was an allowance made for the mortgage in question, the evidence could not prejudice the defendant. The presumption is, where premises are conveyed *subject* to a mortgage and the equity of redemption only is sold and conveyed, that the amount thereof is not paid to the vendor, but is deducted from the full value of the property.

There was some evidence given, against the exception of the defendant, of conversations with him, and on one occasion with his wife also, tending to show that he had actual knowledge and notice of the existence of the mortgage in question as a lien at the time of the purchase by his wife and the exe-

cution of the deed to her. The objection, made to its intro-
duction, also was that it was immaterial and irrelevant. In
the view I have taken of the case, I think it may be so con-
sidered and was entirely harmless. The plaintiff was entitled
to the relief given him, irrespective of such knowledge and
notice; but I may add, that the defendant cannot complain
of the equities resulting from the transaction in favor of the
plaintiff, when he was fully advised of the facts on which they
were based.

It is unnecessary to inquire whether any *personal* obligation
was assumed by either Comstock or Mrs. Zink to pay off the
mortgage. That question is immaterial to the issue involved
in this case, and its examination would be entirely irrelevant.

It is proper to notice an objection raised by the appellant's
counsel on the ground of the omission of Mrs. Zink as a party;
and it is sufficient to say, in reference to it, that no such ques-
tion was raised by demurrer or by the answer, nor, so far as
appears by the case, on the trial. It is, therefore, unavailable
on the present appeal.

It follows, from the views above expressed, that the judg-
ment must be affirmed, with costs.

All concur.

Judgment affirmed.