BYRON ALFORD AND ALLEN R. CURTIS, RESPONDENTS, *v.* EUGENE M. COBB AND THOMAS ARGUE, APPELLANTS.

*Sale of leasehold property without covenants of title — when subject to existing liens.*

June 26, 1880, one Hotailing filed a mechanic's lien against the defendants, who were the lessees of a tract of oil land, for materials furnished and services rendered in drilling oil wells and constructing apparatus for operating the same. Thereafter, in an action brought by him to foreclose this lien, a judgment of foreclosure and sale was entered in December, 1881, which also awarded a personal judgment against the defendants for any deficiency that might arise on the sale. October 27, 1880, after the filing of the notice of lien, and before judgment thereon, the defendants by an instrument in writing, containing no covenants, assigned all their right, title and interest in the lease to Garrett & Prentiss, who took possession of the property and thereafter, and in August, 1881, sold all their interest therein to the plaintiffs.

At the time of this purchase the plaintiffs had no knowledge of the existence of Hotailing's lien, and were informed by their grantors that there were no liens upon the premises. Having been compelled, by threats that the property would be sold under the foreclosure decree, to pay the amount of Hotailing's judgment, they brought this action to recover the amount thereof from the defendants.

Upon the trial the court refused to charge, as requested by the defendants' counsel, that if the jury should find that the defendants sold the property to Garrett & Prentiss, subject to the lien, and that the latter assumed and agreed to pay it, then the plaintiffs could not recover.

*Held,* that the court erred in refusing so to charge.

*Semble,* That all that the plaintiffs acquired under the assignment was the right to the equity of redemption.

APPEAL from a judgment, entered upon a verdict in the plaintiffs' favor, and from an order denying a motion for a new trial, made on a case containing exceptions.

*George H. Phelps*, for the appellants.

*David H. Bolles*, for the respondents.

BARKER, J. :

The plaintiffs recovered their judgment upon an original promise made by the defendants to one Hotailing, agreeing to pay him for his work and labor done and performed as a mechanic on their leasehold premises. This obligation on the part of the defendants has never been in form assigned or transferred by Hotailing to the plaintiffs nor have the defendants, in any form or manner, promised

to pay the plaintiffs the debt thus contracted, but on the contrary, deny all obligation to them and insist that under the circumstances of the case, as they appear by the record, the debt has been fully paid and satisfied. The plaintiffs base their claim of title to the debt upon the doctrine of subrogation or equitable assignment, arising out of the facts of the case. The defendants were lessees of a tract of oil land for the term of twelve years, upon certain conditions and reservations, not set forth in the abstract of the instrument printed in the case. The lessees made entry under the lease and caused considerable improvements to be made on the premises by drilling oil wells and constructing the necessary erections and apparatus for operating the same. The yield of oil was so much, and the improvements made were of such a character, that the defendants' rights and interests under the lease had a considerable market value. On the 26th day of June, 1880, Hotailing, the mechanic who constructed the apparatus for operating the oil wells, filed in the proper office notice of his lien. Thereafter he commenced an action in this court to foreclose the same, making the defendants and others parties defendants, and the usual decree of foreclosure and sale was entered in December, 1881, with a clause granting a personal judgment against the defendants for any deficiency.

It will be assumed for the purposes of this appeal that all the proceedings in filing notice of the lien and of its foreclosure, were in full compliance with the statute creating the lien, and if a sale had taken place under the decree, the purchaser would have acquired a perfect title to the lease. We purposely omit to consider any questions connected with the regularity of these proceedings. After notice of the lien was filed and before the foreclosure proceedings were instituted and on the 27th day of October, 1880, the defendants, by an instrument in writing, sold and assigned all their right title and interest in the lease to Garrett & Prentiss, who immediately entered into possession of the property. Before the decree was entered, and on the 24th day of August, Garrett & Prentiss sold all their interest in and under the lease to these plaintiffs. After the judgment of foreclosure was perfected, Hotailing threatened to sell the leasehold property under the decree, and placed in the hands of the sheriff the necessary process and papers upon which to advertise and sell the property in the manner provided in the decree,

and when he was about to do so these plaintiffs paid up the judgment for the purpose of preventing a sale and sacrifice of their property. Then they made this claim upon the defendants, and this action was commenced to collect the entire amount of the debt due Hotailing. Neither of the assignments of the lease are set out in full in the case. The abstract printed simply states the fact, giving the names of the assignors and assignees with the dates of transfer.

The defendants claim, and give evidence in support of their contention, that at the time they sold and assigned the lease to Garrett & Prentiss the latter had notice of the existence of Hotailing's debt, and of the lien which he had placed on the property, and that it was one of the terms of the sale that the lease was assigned subject to such lien, and the assignees agreed to pay the debt to Hotailing, and the amount of the same was at that time ascertained and in fact deducted from the purchase-price, and only the balance of the purchase-money was paid. On the contrary, the plaintiffs deny that Garrett & Prentiss had notice of the lien, or that they assumed or agreed to pay the same, and insist that they were wholly ignorant of the lien and gave some evidence to prove that such was the fact.

The defendant asked the court to charge the jury, if they should find that the defendants sold the property to Garrett & Prentiss subject to the lien, and they assumed and agreed to pay it, then the plaintiffs cannot recover. This request was rejected and the defendants excepted. In this connection the court remarked that he intended to, and did, submit to the jury the following question: " When Cobb & Argue transferred the lease to Garrett & Prentiss, was it agreed that Garrett & Prentiss should pay the Hotailing claim, and was the amount of it deducted from the purchase-price of the lease ? " and directed them to answer the same either yes, or no as they found the fact. The record does not disclose that the jury passed upon the question either way. There was no direction given to the jury, if they should answer the question in the affirmative, then their verdict should be for the defendants. If it was error to refuse the instruction requested, nothing occurred on the trial to cure the same. The lien created by statute is in the nature of a mortgage, and the lessors of the premises may be regarded, in considering the questions now before us as the mortgagors, and their creditor as the mortgagee. This is

the most favorable view that can be taken of the transaction so far as the plaintiffs' rights are involved. If the facts are as the defendants contend, a defense was made out, and the judgment should be reversed. When lands are sold or conveyed which are incumbered by a mortgage lien, and the mortgagee takes the title subject to such mortgagee, the premises are the primary fund for the payment of the debt, and the grantor mortgagor may, if he is personally liable to pay the debt secured, compel a resort to the lands in the first instance. If the contract of purchase contains the further provision that the purchaser shall pay the debt, then, as between the grantor and grantee, the latter becomes the principal debtor and the grantor his surety, and the lands are the primary fund, and the mortgagee may also maintain an action at law against the grantee, founded on his promise to pay the debt. (*Johnson* v. *Zink*, 51 N. Y., 333; *Marsh* v. *Pike*, 10 Paige, 595; Pomeroy's Eq., §§ 1205, 1207; *Lawrence* v. *Fox*, 20 N. Y., 268; *Russell* v. *Pistor*, 7 id., 171.)

If the defendants' assignees, Garrett & Prentiss, had paid up the lien, then the debt would have been extinguished in law and in equity. They would have no equitable right to be subrogated and stand in the lienor's position with a view of enforcing a payment of the debt, although they might as to the lien on the leasehold property, for the purpose of protecting their interest therein, for as to the latter purpose they might be regarded as the equitable assignees, to which their assignors could make no reasonable objection.

We may now examine the plaintiffs' position and see if they have, as assignees under Garrett & Prentiss, any other or different rights so that they may demand from the defendants, in law or equity, payment of the original debt. In disposing of this question we shall assume that it was established on the trial that the plaintiffs were ignorant of the existence of the lien, and were informed by their assignors that no lien of this nature existed. The defendants made no covenant in their assignment to Garrett & Prentiss relative to the title, or as to the nature and extent of their interest in the lease. It was a naked transfer of their interest in the lease, without any undertaking on their part, which would give to their assignees a right of action against them in case there was a failure of title. In legal effect it was a sale and transfer of their equity of redemption, similar to a sale and conveyance by quit-claim deed

of title to lands incumbered with liens. When one conveys by quit-claim deed no title not *in esse* passes. A release of a present interest in the real estate is all that the law infers was intended to be conveyed by the grantor in such a conveyance. (*Jackson* v. *Winslow*, 9 Cow., 13.) If the deed contains a covenant of warranty as to the title, it would operate as an estoppel to avoid circuity of action. The plaintiffs are not the assignees of any promise made by the defendants upon which they can base an equitable claim that they should be regarded as the assignees of the debt which they have paid. They secured by their purchase and transfer of the lease all the defendants undertook to sell and convey to their grantors, and nothing more. All the right which the plaintiffs acquired was an equity of redemption. Having secured a title to the lease they could redeem it from the liens which stood against it, that is to say, pay up the judgments, and if it was necessary to keep the same on foot for the purpose of protecting their interest in the lease they would be privileged to do so, and in equity be regarded as assignees of the lien but not of the debt secured thereby. A junior mortgagee or judgment creditor has a right to protect his lien or interest by paying a prior mortgage due and payable; and if he does pay it he succeeds, by subrogation on settled principles of equity, to the rights and interests of such prior mortgagee in the lands as a security for the amount so paid without any assignment or act of transfer by or on the part of a prior mortgagee. (*Ellsworth* v. *Lockwood*, 42 N. Y., 96, and authorities there referred to; see, also, *Twombly* v. *Cassidy*, 82 id., 155.)

If the defendants' assignees had not promised to pay the debt secured by the lien, the leasehold estate would have been the primary fund for the payment of the debt, and as between themselves and their assignees, and all who claim under them, the plaintiffs would have been liable to pay the deficiency only. This rule is applied in cases where the owner of the fee in lands incumbered by liens sells the equity of redemption and conveys by quit-claim deed, although no reference is made in the deed or in the agreement for the sale of existing incumbrances. (*Ellsworth* v. *Lockwood*, *supra*.)

We have applied these general propositions of law to the case in hand, as furnishing a just and equitable rule by which to adjust the

rights of these litigants. .When this case was before the court on a former occasion, by appeal from an order vacating the attachment issued in this action, the legal propositions which have now been considered were not presented to the court in the same form in which they now are, and the court then declined to pass upon the rights of the parties, if it should appear that these defendants sold the lease to Garrett & Prentiss, subject to the payment of the Hotailing debt. As applied to the proceeding then under consideration, the legal proposition then decided was correctly disposed of.

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

BRADLEY, J., concurred; HAIGHT, J., not sitting.

Judgment and order reversed and a new trial ordered, with costs to abide the event.