CAROLINE H. HOWARD et al., Plaintiffs, *v.* WALTER G. ROB-
BINS, Respondent, and THIRD NATIONAL BANK OF BUFFALO,
Appellant, Impleaded with Others.

MORTGAGE — SUBROGATION — WHEN MORTGAGOR, AFTER FORECLOS-
URE OF MORTGAGE, MAY COMPEL HOLDER OF SECOND MORTGAGE, TO
WHOM THE JUDGMENT OF FORECLOSURE HAS BEEN TRANSFERRED, TO
ASSIGN JUDGMENT AND FIRST BOND AND MORTGAGE TO HIM. Where
property covered by a mortgage was conveyed by the mortgagor for a
nominal consideration by a quitclaim deed without mention of the mort-
gage, and his grantee subsequently conveyed the property to another
who assumed the payment of the mortgage, and thereafter mortgaged
the property, subject thereto, and the first mortgage was thereafter fore-
closed and a judgment of deficiency directed against the first mortgagor
only, and the first bond and mortgage and judgment of foreclosure
were assigned to the holder of the second mortgage, who, upon demand
of the first mortgagor, refused to execute the judgment and sell the prop-
erty thereunder, or to assign to him the first bond and mortgage and judg-
ment upon his tender of the amount due thereon, the first mortgagor is enti-
tled to an order compelling the assignee to execute and deliver to him an
assignment of the first bond and mortgage and judgment, upon payment
of the amount due thereon, and is also entitled to an order appointing a
receiver of the rents, issues and profits of the property. It is the pre-
sumption on the face of the quitclaim deed to the first purchaser, in the
absence of any evidence to the contrary, that the land was to be primarily
charged with the payment of the first mortgage, and as the second pur-
chaser assumed, in the deed of the property to her, the payment of the
first mortgage, and thereafter gave a second mortgage upon the property
subject thereto, neither the second mortgagee nor her assignee acquired,
as security for the second mortgage debt, anything more than the equity
of redemption after the discharge and satisfaction of the first mortgage.
The first mortgagor is, therefore, entitled on payment of his bond to be
subrogated to the rights of his mortgagee and to require an assignment
of the mortgage, that he may reimburse himself by enforcing it against
the mortgaged property, and being entitled on such payment to that
relief as against the mortgagee, he can be no less entitled to it as against
any assignee thereof.

*Howard* v. *Robbins,* 67 App. Div. 245, affirmed.

(Argued March 25, 1902; decided April 8, 1902.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the fourth judicial depart-
ment, entered December 7, 1901, which affirmed two orders

of the Erie County Court, one directing the appellant herein to assign to the respondent a certain judgment of foreclosure and sale, bond and mortgage, and the other appointing a receiver in the same action.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Loran L. Lewis, Jr.*, for appellant.    The defendant Walter G. Robbins cannot compel an assignment of the bond, mortgage and judgment by motion and mandatory order, as is sought herein.    (*Vrooman* v. *Turner*, 69 N. Y. 280 ; *Trotter* v. *Hughes*, 12 N. Y. 74; *King* v. *Whitely*, 10 Paige, 465 ; 1 Black on Judg. § 87; *Morris* v. *Morange*, 38 N. Y. 172; 2 Black on Judg. § 509 ; *Bigelow* v. *Bush*, 6 Paige, 343.) As against the defendant Third National Bank of Buffalo, N. Y., Walter G. Robbins is not entitled to an assignment of the first mortgage.    (*Clark* v. *Mackin*, 95 N. Y. 346; *Twombly* v. *Cassidy*, 82 N. Y. 155; *Cole* v. *Malcolm*, 66 N. Y. 363; *Frost* v. *Y. S. Bank*, 70 N. Y. 553 ; Harris on Subrogation, § 514; *Appeal of M. C. Nat. Bank*, 98 Penn. St. 150.) The defendant Robbins has no equitable rights superior to those of the Third National Bank which entitle him to such relief.    (*M. Bank* v. *Weill*, 163 N. Y. 486.)    The order appointing a receiver of the rents and profits should be reversed.    (Wiltsie on Mort. Foreclosure, §§ 658, 672; *Robinson* v. *Hadley*, 11 Beav. 614; *S. Ins. Co.* v. *Stebbins*, 8 Paige, 565.)

*William L. Marcy* for respondent.    Defendant Walter G. Robbins is entitled to demand and require an assignment of the judgment in suit for three reasons : *First*.  He was liable to pay because of his being the obligor on the bond, and is compelled to pay by the provisions of the foreclosure judgment making him solely liable for any deficiency.  *Second*. The subsequent conveyances of this property by Walter G. Robbins to grantees, who assumed and agreed to pay this mortgage, has made Walter G. Robbins a mere surety for the

payment of the mortgage indebtedness. *Third.* Between Walter G. Robbins and the owner of the judgment of foreclosure, the land is the primary fund out of which the same should be paid, and he has a right to compel this. (*Wager* v. *Link,* 134 N. Y. 122; 150 N. Y. 549; *Cole* v. *Malcolm,* 66 N. Y. 363; *Arnold* v. *Green,* 116 N. Y. 566; *Twombly* v. *Cassidy,* 82 N. Y. 155; *Averill* v. *Taylor,* 8 N. Y. 44; *Johnson* v. *Zink,* 51 N. Y. 333; *Hover* v. *Hover,* 21 App. Div. 568; 155 N. Y. 666; *Cornell* v. *Prescott,* 2 Barb. 116; *Marsh* v. *Pike,* 1 Sandf. Ch. 210; *Halsey* v. *Reed,* 9 Paige, 446.) The sale of the mortgaged estate to one who promises and assumes to pay the mortgage, has the effect of making the purchaser, or those taking under him, the primary debtor, and the mortgagor stands as a surety only. (*Comstock* v. *Drohan,* 71 N. Y. 9; *Brown* v. *Lynde,* 90 N. Y. 92; *Lewis* v. *Palmer,* 28 N. Y. 271; *Gibbs* v. *Minnard,* 6 Paige, 258.) The County Court had jurisdiction to grant the relief obtained on this motion. (*Mead* v. *Langford,* 56 Hun, 279; *P. T. Co.* v. *Harman,* 43 App. Div. 348; *Bell* v. *Gittere,* 30 N. Y. S. R. 219; *Hawley* v. *Whalen,* 64 Hun, 550; *Twombly* v. *Cassidy,* 82 N. Y. 155.) The County Court had power to appoint a receiver of the rents and profits, pending the appeal taken by the Third National Bank, and as a condition of the stay of proceedings. (*Fletcher* v. *Krupp,* 35 App. Div. 586.)

[CULLEN, J. The defendant and respondent, Walter G. Robbins, on September 4th, 1897, executed and delivered to the plaintiffs' testator a bond with a mortgage on certain leasehold property in the city of Buffalo to secure the payment of five thousand dollars. On March 21st, 1898, Robbins and wife conveyed the premises to the Ellicott Square Bank by quitclaim deed for a consideration of one dollar, in which deed there was no reference to the mortgage. The bank paid one thousand dollars on account of the principal of the mortgage. On September 14th, 1899, the bank conveyed the same premises to Harriette E. Jones for the sum of one thousand

dollars, which deed contained the following provision : "This conveyance is made with the understanding that the party of the second part assume a certain mortgage given by Walter G. Robbins and Francis H. Robbins to Ethan H. Howard, and recorded in Erie county clerk's office in Liber 863 of mortgages on page 14 (the mortgage in suit)." On November 9th, 1899, Harriette E. Jones mortgaged the same premises, "subject to a mortgage owned by Caroline H. Howard, upon which there is due four thousand dollars," to Mary H. Ney to secure the payment of two thousand dollars. This last-mentioned mortgage was on the same day assigned to the defendant and appellant, the Third National Bank of Buffalo. In January, 1891, the plaintiffs brought an action to foreclose said first-named mortgage in which judgment of foreclosure and sale was entered on March 6th, 1891. The decree directed a deficiency judgment against the defendant Walter G. Robbins only. Shortly thereafter the bond, mortgage and judgment were assigned to the defendant, the Third National Bank of Buffalo. Robbins, through his attorney, then requested the Third National Bank that it either forthwith execute the judgment or that it assign the same to him, and tendered the amount due thereon. The bank declined to accede to this demand, and under an arrangement with the owner of the equity, Mrs. Jones, collected the income of the property and applied it on its mortgage. The unexpired term of the leasehold was about fifteen years. The owner had made default in the ground rent and taxes which the plaintiffs had been obliged to pay. On an affidavit stating these matters and the further fact that Robbins had originally bought the premises as the agent of the Ellicott Square Bank and had executed the mortgage on an agreement made by the bank that it would indemnify and save him harmless from liability on account thereof, Robbins applied for an order directing the appellant to assign to him the decree and mortgage on the payment of the amount due thereon. This motion was resisted. There was no dispute as to the chain of title which has been stated, but the appellant denied any knowledge of

the relations between Robbins and the Ellicott Square Bank
or of the agreement for indemnity between the parties. The
application of Robbins was granted and an appeal from that
order taken to the Appellate Division. After such appeal
Robbins moved for the appointment of a receiver of the rents
and profits, which application was granted. From that order
also an appeal was taken to the Appellate Division, which by
a divided court affirmed both orders. The Appellate Division
has allowed an appeal to this court and certified to us the fol-
lowing questions: *First.* Is the defendant Walter G. Robbins
entitled to compel the execution and delivery of an assign-
ment of the bond, mortgage and judgment of foreclosure and
sale to him from the Third National Bank of Buffalo, N. Y.?
*Second.* Should a receiver of the rents, issues, income and
profits of the leasehold property described in the complaint
be appointed?

We are of opinion that the County Court properly directed
an assignment of the mortgage to the respondent. In reach-
ing this conclusion we do not deem it necessary to decide
whether the defendant Harriette E. Jones became personally
liable for the mortgage debt, though we do not mean to express
any dissent from the prevailing opinion of the Appellate
Division on that point. It is sufficient for the disposition of
this branch of the appeal to determine whether as to the
respondent Robbins he or the mortgaged land was primarily
liable for the mortgage debt. While in the first instance the
mortgagor is the principal debtor and the land merely security,
this relation may become modified when the mortgagor ceases
to be the owner of the land. Thus if the land be sold on
execution against the mortgagor or under a second mortgage
the purchaser acquires only the equity of redemption and the
land becomes the primary source from which the mortgage
must be satisfied, not the personal responsibility of the mort-
gagor. (*Tice* v. *Annin,* 2 Johnson Ch. 125; *McKinstry*
v. *Curtis,* 10 Paige, 503; *Weaver* v. *Toogood,* 1 Barb.
238; *Mathews* v. *Aikin,* 1 N. Y. 595.) In case of the
voluntary alienation of the land by the mortgagor the ques-

tion as to where the primary liability rests depends on the agreement of the parties. If the mortgagor convey with warranty and in this state if he receive the whole purchase money and convey, even without warranty by deed not subjecting the land to the mortgage he remains primarily liable for the debt. ( *Wadsworth* v. *Lyon*, 93 N. Y. 201.) On the other hand, the deduction of the amount of the mortgage evidences an intent to subject the property conveyed to its payment. (*Bennett* v. *Bates*, 94 N. Y. 354.) The general rule is laid down in Jones on Mortgages (section 736): " One who purchases an equity of redemption by a deed without covenants takes the estate charged with the payment of the mortgage debt. It is presumed, in the absence of a special contract or of any unusual circumstance, that the amount paid was the price of the property purchased, less the amount of the mortgage, and it would be for the purchaser, and not the seller, to discharge the incumbrance." This was so held in *Shuler* v. *Hardin* (25 Ind. 386); *Atherton* v. *Toney* (43 Ind. 211); *Gayle* v. *Wilson* (30 Gratt. 166). In this case the conveyance by the respondent was a quitclaim deed and the consideration was one dollar. The form of the deed was appropriate for the conveyance of the equity of redemption and it cannot be presumed in the absence of evidence of an agreement to that effect that the grantor intended to convey for the sum of one dollar land which he had been able to mortgage for five thousand dollars, he to remain bound to discharge the incumbrance. On the face of the deed the presumption, therefore, is that the land was to be primarily charged with the payment of the mortgage. This intention is further evidenced by the conveyance from the Ellicott Square Bank to the defendant Harriette E. Jones. Conceding that Mrs. Jones did not become liable personally for the payment of the mortgage debt because her grantor was not liable for it, nevertheless her agreement to assume the mortgage certainly was effective to charge the land conveyed with its payment. The land being conveyed to her subject to the mortgage, neither she nor her grantees could deny that it was primarily charged

with the payment of the debt. (*Sands* v. *Church*, 6 N. Y. 347.) The mortgage under which the appellant claims also recites that it is subject to the mortgage made by the respondent. Under these instruments it would seem entirely plain that the appellant never acquired as security for its loan anything more than the equity of redemption after the discharge and satisfaction of the first mortgage. The respondent, therefore, was entitled on payment of his bond to be subrogated to the rights of the mortgagee and to require an assignment of the mortgage in order that he might reimburse himself by enforcing it against the mortgaged property. (*Johnson* v. *Zink*, 51 N. Y. 333.) It is true that, as between the appellant and the plaintiffs in this action, the former was entitled to an assignment of the mortgage, but as the respondent was entitled on payment to subrogation as against the mortgagee he could be no less entitled to that relief as against any assignee of the mortgagee. The only interest the respondent had was to relieve himself from liability on the bond. If the appellant wished to keep the security alive against the land, and it had offered to discharge the respondent from personal liability, doubtless the application would, on compliance with that condition, have been denied. So, also, if the appellant desired an immediate sale of the property, the court might properly have required the prompt execution of the judgment as a condition of the assignment. These, however, were matters resting in the discretion of the trial court. The appellant made no request of the character indicated. It sought to satisfy its mortgage out of the mortgaged property, to the detriment of the first mortgage, and then to hold the respondent liable on his bond.

It had no right to pursue that course. It is said that the liability of the respondent as the principal debtor was fixed by the judgment and foreclosure, and that the appellant, in purchasing the judgment, was entitled to rely on the assumption that the rights of the parties were conclusively established by it. The judgment did not settle the liabilities of the defendants as between themselves. (*Wadsworth* v. *Lyon*,

*supra*.)  If it had, it would be fatal to the appellant's position, for the judgment decreed that the land should be sold first and the respondent answer only for any deficiency, thus making the land the primary source for the payment of the mortgage.

The facts appearing in the affidavits were sufficient to justify the trial court in appointing a receiver pending the appeal, which is expressly authorized by section 713 (sub-div. 3) of the Code of Civil Procedure.  The ground rent and taxes were in arrears and the security doubtful.  The pecuniary responsibility of the respondent was wholly immaterial, as the judgment was to be enforced not against him, but in his favor.

The order appealed from should be affirmed, with costs, and both questions certified answered in the affirmative.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur.

Order affirmed.