## LAGRAVE v. HELLINGER.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

1. MORTGAGES (§ 233*)—ASSIGNMENT—EQUITABLE ASSIGNMENT.
    An assignment of an interest in a mortgage to defendant's sister upon payment of a debt by defendant was in legal effect an assignment to defendant; the assignment having been made for his benefit under an agreement with him.
    [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 233.*]

2. MORTGAGES (§ 248*)—ASSIGNMENT—ASSIGNMENT OF DEBT—EFFECT.
    An assignment of an interest in a mortgage securing a bond was in effect an assignment of so much of the debt, though the bond was not mentioned in the assignment, as a part of the mortgage could not be assigned without assigning a proportionate part of the debt.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 659; Dec. Dig. § 248.*]

3. MORTGAGES (§§ 273, 278*)—LIEN—LIABILITY OF LAND.
    If a mortgagor conveys the mortgaged land with warranty and receives the whole purchase price, he remains primarily liable for the debt; but, if the amount of the debt is deducted from the price in the conveyance, it shows an intent to make the property liable for its payment in the hands of the grantee, and, where the mortgagor conveyed subject to the mortgage and the debt was a part of the consideration of the conveyance, the land became primarily liable for the mortgage debt.
    · [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 716, 729–736; Dec. Dig. §§ 273, 278.*]

4. MORTGAGES (§ 497*)—FORECLOSURE—JUDGMENT—RES JUDICATA.
    Defendant executed a mortgage to secure a $90,000 bond, $10,000 of which was payable in two years and the remainder in five years, and defendant afterwards conveyed to B. who paid the $10,000 on nonpayment by defendant and the original mortgagee executed an agreement for B.'s benefit, assigning an interest in the mortgage to his sister to the extent

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

of $10,000, and agreeing to assign the bond to her when the indebtedness was fully paid, and B.'s sister transferred the assignment to him, and he assigned to plaintiff, and thereafter the original mortgagee brought an action of foreclosure making plaintiff and defendant herein defendants, but plaintiff did not appear and judgment of foreclosure was rendered, after which the mortgagee assigned to plaintiff herein the bond pursuant to the agreement with B.'s sister, and plaintiff brings this action to recover the $10,000 paid by him. Code Civ. Proc. § 1627, permits any person who is liable to plaintiff for payment of the secured debt to be made a defendant in an action to foreclose the mortgage, and provides that the final judgment may award payment by him of the residue remaining unsatisfied and the application of the proceeds. *Held*, that the judgment in the foreclosure action was res judicata as to the present action, as plaintiff should have asserted therein whatever claim she had.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 497.*]

Appeal from Special Term, New York County.

Action by Sophie Marchais Lagrave against Leopold Hellinger. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Frederick L. Taylor, for appellant.
Harold Nathan, for respondent.

McLAUGHLIN, J. On the 25th of August, 1898, the defendant, who was then the owner of certain real estate in the city of New York, mortgaged the same to the United States Life Insurance Company to secure the payment of a bond given at the same time in the sum of $90,000, payable in five years. The bond and mortgage contained covenants that the principal sum should be reduced by the payment of $10,000 within two years from their date, and that, in default thereof, the whole amount should become due. A few days later the defendant conveyed the real estate in question to one Brown, subject to the mortgage, the amount of which was deducted from the purchase price. When the installment of $10,000 became due, it was not paid, and the insurance company by resolution of its board of directors, directed its counsel to commence an action for the collection of the whole mortgage debt. Brown thereupon paid the $10,000, and had the insurance company enter into an agreement with his sister, Mrs. Kingsbury, by which it "sold, assigned and transferred * * * unto the said party of the second part (Mrs. Kingsbury) * * * an interest in said mortgage to the extent of ten thousand dollars, which interest shall be second and subject to the first lien of said party of the first part, which interest said party of the first part retains in said mortgage to the extent of said sum of eighty thousand dollars, it being the intent and agreement of the parties hereto that hereafter, as between the parties hereto the said mortgage for ninety thousand dollars shall be regarded as if it had been originally made as a mortgage for eighty thousand dollars to the party of the first part and thereafter as a mortgage of ten thousand dollars to the party of the second part and the sums of money secured by the interest in said mortgage hereby assigned to the said party of the second part shall, at all times be

regarded, as between the parties hereto, as if the same were a second mortgage." The agreement further provided that, when the insurance company had been fully paid, it would "assign the said bond, together with said mortgage, to the said party of the second part, to the end that the same may be enforced by her, * * * if so desired * * * and for the balance of such original mortgage indebtedness, to wit, the said sum of $10,000, with interest."

The $10,000 was paid by Brown with his own money, and the agreement of the insurance company while in form with Mrs. Kingsbury was, in fact, with him and for his benefit, and she, the day after it was made, assigned the same to him. Shortly after the agreement was made, Brown conveyed the real estate to a third party, subject to the $90,000 mortgage. He held the assignment from Mrs. Kingsbury until October, 1903, when he assigned it to this plaintiff. A few days after the assignment to the plaintiff the insurance company, the $60,-000 not having been paid to it, commenced an action to foreclose, and both of the parties to this action, with others, were made parties defendant. The defendant in this action appeared and demurred to the complaint. This plaintiff did not appear, and after her time to answer had expired, the defendant withdrew his demurrer. The action was prosecuted to judgment and resulted in a sale at which this defendant, the maker of the bond and mortgage and another, became the purchasers for an amount slightly less than the amount found due the insurance company. A judgment for deficiency for this amount was taken against this defendant, which he thereafter paid. The insurance company then assigned to this plaintiff the original bond, in accordance with the agreement made by it with Mrs. Kingsbury when the $10,000 was paid by Brown, and thereupon this action was brought upon the bond to recover that amount. The answer, among other defenses, alleged affirmatively payment and the judgment in the foreclosure action as a bar. At the conclusion of the trial, the complaint was dismissed upon the merits, and plaintiff appeals.

[1] The assignment to Mrs. Kingsbury was in legal effect an assignment to Brown. He testified that he paid the $10,000—that it was his money—and the court so found.

[2] Notwithstanding the fact that the bond was not mentioned in the assignment by the insurance company to Mrs. Kingsbury, it was, in effect, an assignment of so much of the mortgaged debt and for the obvious reason that a portion of the mortgage could not be assigned without a corresponding portion of the debt itself. Merritt v. Bartholick, 36 ·N. Y. 44; Munoz v. Wilson, 111 N. Y. 295, 18 N. E. 855.

[3] When the mortgage was given, the mortgagor was the principal debtor and the land merely security, but this relation was modified when the mortgagor conveyed to Brown. The land then became the primary source from which the mortgage had to be satisfied. Tice v. Annin, 2 Johns. Ch. 125; McKinstry v. Curtis, 10 Paige, 503: Howard v. Robbins, 170 N. Y. 498, 63 N. E. 530.

The general rule is that, where land is conveyed by the mortgagor, the question as to where the primary liability rests depends upon the agreement of the parties to the conveyance. If the mortgagor con-

veys with warranty and receives the whole purchase price, then he remains primarily liable for the debt (Wadsworth v. Lyon, 93 N. Y. 201, 45 Am. Rep. 190), but, on the other hand, if in the conveyance the amount due on the mortgage is deducted from the purchase price that evidences an intent to subject the property conveyed to its payment. Bennett v. Bates, 94 N. Y. 354; Antisdel v. Williamson, 165 N. Y. 372, 59 N. E. 207. The conveyance from the defendant to Brown was made expressly subject to the insurance company's mortgage. The mortgage debt was included in it, and formed a part of the consideration of the conveyance. It was expected Brown would pay that debt because, in effect, he retained from the purchase price the amount of the incumbrance. If while holding the title he paid the mortgaged debt, or any part of it, he was doing only what it was expected he would do when the conveyance was made and to the extent of the payment the debt was extinguished; in other words, as between Brown and the mortgagor, there could be no liability on the bond while Brown owned the land that was primarily liable.

In Tice v. Annin, supra, the chancellor, in speaking of a mortgagor's right to subrogation as against the land which he sold subject to a mortgage, said:

"If the mortgagee himself * * * sells the equity of redemption by execution at law to satisfy the very debt for which the mortgage was taken, and he then proceeds at law against the mortgagor's person or other property for the residue of the debt unsatisfied by the sale of the equity, or if the whole debt was satisfied by the sale of the equity, the same consequences must follow. He must at all events, on being paid, assign over to the mortgagor the bond and mortgage to enable him to compel the purchaser of the equity to refund him the debt out of the land charged. If, however, the mortgagee * * * has put it out of his power to assign by placing the whole debt and security in the hands of the purchaser, a new and greater difficulty arises. To allow the purchaser to go on and compel the mortgagor to pay the mortgage debt to him, and then to compel him to assign over the mortgage to the mortgagor so as to enable him to recover the money back again, would be an idle and absurd proceeding. There seems to be no other alternative but to consider the debt as extinguished in the hands of the purchaser. He purchased only the equity of redemption and of course subject to the mortgage debt, and his purchase of that debt was nothing more than an extinguishment of the incumbrance upon his land."

See, also, Dollar Savings Bank v. Burns, 87 Pa. 491; Atherton v. Toney, 43 Ind. 211; Drury v. Holden, 121 Ill. 130, 13 N. E. 547; Fuller & Co. v. Hunt, 48 Iowa, 163.

[4] There is also another reason why the complaint was properly dismissed, and that is the judgment in the foreclosure action which in my opinion is a complete bar to the maintenance of this action. Whatever right, if any, this plaintiff had came originally through the assignment of the insurance company. When, therefore, she and the mortgagor were made parties defendant in the foreclosure action, she had to there assert whatever claim she had. Section 1627, Code Civ. Proc. The judgment in that action determined the amount of the mortgage debt, and, when that judgment was paid and satisfied, it became res adjudicata upon that subject. If the $10,000 now sought to be recovered were not considered in determining how much was due in the foreclosure action, it was the fault of the present plaintiff

and no one else. That judgment is binding upon her. But it is suggested there was no occasion to litigate in the foreclosure action the defendant's liability for the amount here sought to be recovered, because that was a debt separate from his liability for the remaining $60,000. I am unable to see any force in the suggestion. If it be true that there was $90,000 due from this defendant at the time the foreclosure action was commenced, that constituted a single indebtedness so far as he was concerned, and for which but a single cause of action could be maintained. If no assignment had been made of the $10,000, the insurance company could not have split up its cause of action and maintained an action first to recover $80,000, and then another to recover $10,000. It could not confer upon others what it did not itself have the right to do. Dickinson v. Tysen, 125 App. Div. 735, 110 N. Y. Supp. 269.

It follows the judgment appealed from is right, and should be affirmed, with costs. All concur.