(163 App. Div. 30)

MANILLA ANCHOR BREWING CO. v. RAW SILK TRADING CO. et al.

(Supreme Court, Appellate Division, Second Department.    June 12, 1914.)

1. MORTGAGES (§ 278*)—FORECLOSURE—PRIMARY FUND.
    Where a grantee of mortgaged premises did not assume a mortgage thereon the land constituted the primary fund for the payment of such mortgage.
        [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 729–736; Dec. Dig. § 278.*]

2. SUBROGATION (§ 31*)—GRANTEE OF MORTGAGED PREMISES—ASSUMPTION OF MORTGAGE.
    Where a grantee of mortgaged premises assumes the mortgage, he becomes the one primarily answerable for the debt, and cannot demand an assignment of the mortgage as a condition of payment, but may only make such payment conditional on the production of the bond and mortgage and the execution of the satisfaction.
        [Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 70–91; Dec. Dig. § 31.*]

3. SUBROGATION (§ 31*) — TRANSFER OF MORTGAGED PREMISES — PAYMENT BY THIRD PERSON—ASSIGNMENT.
    Where grantee of mortgaged premises had not assumed one of the mortgages sought to be foreclosed, and had arranged to raise the money to pay the holder from a third person, such grantee was entitled to compel an assignment of the mortgage to the person so advancing the money, in order to preserve the priority of the lien, with a covenant as to the amount due and against the mortgagee's acts, but without other covenants and without recourse.
        [Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 70–91; Dec. Dig. § 31.*]

4. SUBROGATION (§ 41*)—ASSIGNMENT OF MORTGAGE—NOTICE.
    An assignment of a mortgage which does not increase the liens on the property may be directed without notice to junior incumbrancers.
        [Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 109–118; Dec. Dig. § 41.*]

5. SUBROGATION (§ 23*)—LIEN—SUBSTITUTION OF HOLDER.
    The rule that one, not personally liable for a mortgage debt, on paying the same is entitled to substitution to the rights of the mortgagee is no longer limited to sureties, but extends to one advancing money to pay off the mortgage, who may require the continuance of the lien for the ultimate adjustment of the liabilities of other owners or incumbrancers, or reimbursement by persons liable over for its payment.
        [Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 60–66; Dec. Dig. § 23.*]

6. MORTGAGES (§ 438*)—FORECLOSURE—TRANSFER—SUBSTITUTION OF ASSIGNEE.
    Where pending mortgage foreclosure, a third person was induced to advance the money necessary to pay the mortgagee's claim, such person was not only entitled to an assignment of the mortgage, but to be substituted as complainant in the suit, or to an order that the suit be discontinued.
        [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1291; Dec. Dig. § 438.*]

Appeal from Special Term, Westchester County.

Action to foreclose a mortgage by the Manilla Anchor Brewing Company against the Raw Silk Trading Company and others. From a judgment directing plaintiff to assign its bond and mortgage to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

David Mayer Brewing Company, at the instance of Salvatrice Castrogiovanni, a grantee of the property who had assumed two prior mortgages on the property, plaintiff appeals. Modified and affirmed.

See, also, 148 N. Y. Supp. 1129.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Charles Weishaupt, of New York City, for appellant.

Arthur Rowland, of Yonkers, for respondents.

PUTNAM, J. [1] The complaint in this foreclosure shows that, although Mrs. Castrogiovanni assumed the payment of the two prior mortgages, she did not undertake to pay the one now in foreclosure, and no personal judgment against her is asked. In this situation, the land becomes the primary fund for payment, and if Mrs. Castrogiovanni, to protect her interests, raises the sum due, she may possibly have a remedy over against Falasca and Polito, upon their bond. Mrs. Castrogiovanni did not answer in the suit. She arranged to raise the money to pay plaintiff by a loan through the David Mayer Brewing Company, which, in view of the other incumbrances on the property, stipulated for an assignment of the plaintiff's mortgage. This was directed by the Special Term, also that upon payment of principal, interest, and costs the Mayer Brewing Company should be substituted in the foreclosure suit.

[2] Can an owner of the equity of redemption thus require a mortgagee to assign the debt, so as to let the debtor raise the money from a third person? If the respondent, Mrs. Castrogiovanni, had assumed the payment of this mortgage, and then remained the one primarily answerable for the debt, she would show no ground to demand an assignment of the mortgage. Dunstan v. Patterson, 2 Phillips Ch. Rep. 345 [Cottenham, L. C.]; 27 Cyc. 1294d; Ellsworth v. Lockwood, 42 N. Y. 89. In such case, a tender of the mortgage indebtedness may be conditioned on the production of the bond and mortgage, with execution of a satisfaction piece. Halpin v. Phenix Ins. Co., 118 N. Y. 165, 23 N. E. 482.

[3] Where, however, the mortgage payment comes from one who is not primarily liable, so that an assignment to keep the mortgage alive will be a more complete protection to the person paying the money, the mortgagee may be compelled to make an assignment of his security. Johnson v. Zink, 52 Barb. 396; Id., 51 N. Y. 333; Cole v. Malcolm, 66 N. Y. 363; Twombly v. Cassidy, 82 N. Y. 155; Welling v. Ryerson, 94 N. Y. 98, 103; Howard v. Robbins, 170 N. Y. 498, 63 N. E. 530; Pomeroy, Equity Jurisprudence, § 1214; Jones on Mortgages, § 793 (6th Ed.).

[4, 5] Whether or not such a formal assignment will keep the mortgage alive in equity, however, does not depend on such an instrument. An assignment which does not increase the liens on the property may be directed without notice to the junior incumbrancers. Twombly v. Cassidy, supra. The decisions of New York have extended the principle beyond the ancient rule which limited such substitution to sureties only, and now recognize a right to keep on foot a mortgage security,

by one who pays it off, but who nevertheless may still require its continuance for the ultimate adjustment of the liabilities of other owners or incumbrancers, or reimbursement by persons liable over for its payment.

The more general right to have a mortgage assigned should not work harm. The mortgagee gets his money, and his assignment should be without recourse. In general, any person not the principal debtor, primarily and absolutely liable for the mortgage debt, by paying off a mortgage thereby becomes the equitable assignee thereof, and may keep alive and enforce the lien so far as it may be necessary for his own benefit. Pomeroy, Eq. § 1212. A formal assignment preserves this equity as against the rights of strangers or purchasers. If the assignment for any reason becomes the means of injury or oppression, equity will disregard it, but the right to procure such an assignment is less liable to abuse than to forbid it, as did the older authorities, to any but strict sureties. Bigelow v. Cassedy, 26 N. J. Eq. 557. Thus the assignment of a mortgage may now be enforced under the statutes in Michigan, Pennsylvania, and Iowa. Jones on Mortgages, § 1087.

[6] To afford a complete relief, the precedents also justify substituting the assignee as dominus litis in the pending foreclosure suit, or in directing that such suit be discontinued upon an assignment being executed. Twombly v. Cassidy, supra. Such as assignment may, in form, refer to the court order directing it, and may also contain the usual covenant as to the amount due, and as against the mortgagee's acts, without further covenants on behalf of the assignor, and being otherwise without recourse.

I, therefore, recommend that the order appealed from be modified as provided in the last clause of the opinion, and, as so modified, affirmed, without costs. All concur.