MOE PARIS et al., Respondents, *v.* LAWYERS TITLE
INSURANCE AND TRUST COMPANY, Appellant, and
DAVID KRATENSTEIN et al., Respondents, Impleaded
with Others.

### Subrogation — when doctrine not applicable.

The facts examined in an action where one of the questions at
issue was as to whether a certain lien on real property should be
subordinated to subsequent mortgages for the reason that the
lienors had released their claim against the original owner and
thereby impaired the mortgagee's right of subrogation, and *held*,
the doctrine of subrogation not applicable.

*Paris* v. *Lawyers Title Ins. & Trust Co.*, 141 App. Div. 866,
affirmed.

(Argued May 20, 1912; decided June 18, 1912.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered January 6, 1911, affirming a judgment entered
upon a decision of the court on trial at Special Term.

On March 20, 1909, Samuel Silverstein was the owner
of certain real property in the borough of Brooklyn,
city of New York, consisting of ten lots.   On that day
he borrowed of the plaintiffs $18,750, for which he gave
his bond with a mortgage on said lots as collateral
thereto, which mortgage was duly recorded March 24,
1909.   Soon thereafter Silverstein commenced the erection
of a house on each of said lots and entered into contracts
with the defendants David Kratenstein and Joseph Wein-
stein and with others for certain parts of the labor and
materials for the erection of said houses.   On July 27,
1909, said houses were partially completed.   On that day
Silverstein conveyed all of said lots with the buildings
thereon to the Little Giant Realty Company, a domestic
corporation.   Included in the deed was a special covenant
by which said corporation "assumed the payment of all
the claims for materials furnished and labor performed
upon and toward the erection of said buildings."   On the
same day said corporation executed to the Eltoma Realty

Company, a domestic corporation, ten bonds for $5,500 each, with ten mortgages — one upon each of said lots — as collateral to said bonds respectively, and the Eltoma Company advanced to the Little Giant Company $2,750 on each of said bonds and mortgages. On the same day the Little Giant Company paid to the plaintiffs the interest on their mortgage to that date and $3,750 upon the principal, and the plaintiffs executed an agreement to and with the Eltoma Company and the Little Giant Company whereby they subordinated their mortgage covering all said real property to the ten mortgages given to the Eltoma Company to the extent of $27,500, the amount paid on account thereof. Thereupon the Eltoma Company sold and assigned said ten bonds and mortgages to the defendant Lawyers Title Insurance and Trust Company. After the execution and delivery of the said deed and mortgages, but before the record thereof, the defendants Kratenstein and Weinstein and several others filed liens against said real property for materials furnished and labor performed upon and toward the erection of said buildings.

On November 19, 1909, Kratenstein and Weinstein received from Silverstein a payment of $1,000 on account of their lien and they executed to Silverstein a general release discharging him from all claims of every name and nature to that date. The release so executed by Kratenstein and Weinstein was delivered to a third person in escrow "until the final determination of a certain action entitled Paris v. Little Giant Realty Company et al. (this action) and a determination of the rights of * * * and Kratenstein and Weinstein under two certain mechanic's liens filed by them against property in * * * (this property). Upon a final determination of the rights under said liens said releases are to be delivered to S. Silverstein irrespective of any personal judgment that may be entered against him by virtue of said liens. The said releases shall not be construed as a waiver of any rights under said liens except as herein set forth."

The issues joined in the action were decided June 8, 1910,

and the court directed a sale of the real property, and that from the proceeds thereof after the payment of the costs there be paid: 1. To the Lawyers Title Insurance and Trust Company on its mortgages an amount equal to the plaintiffs' mortgage with interest. 2. To the lienors whose liens were established by the judgment including the lien of Kratenstein and Weinstein the amount found due on their liens respectively according to priority. 3. To the Lawyers Title Insurance and Trust Company the amount of its mortgages and interest less the amount paid to it as above provided and the amount paid on said liens. 4. To the plaintiffs the amount of their mortgage and interest. 5. To the Lawyers Title Insurance and Trust Company the amount then remaining unpaid on its mortgages.

The Lawyers Title Insurance and Trust Company appealed from said judgment to the Appellate Division where the judgment was sustained by a divided court; an appeal was then taken from said judgment of affirmance to this court.

*Philip S. Dean* for appellant.

*Charles Meyers* for plaintiffs, respondents.

*Abraham Spigelgass* and *Joseph J. Schwartz* for defendants, respondents.

CHASE, J. The claim of the appellant as stated in its brief is that " The appellant stood as surety to Kratenstein and Weinstein and was entitled to be subrogated, on payment, to their lien and to all collateral thereto, and when they put it out of their power to assign their claim against Silverstein, they so impaired the appellant's right of subrogation as to subordinate their lien."

The appellant, to sustain its claim that the lien of Kratenstein and Weinstein should be subordinated to its mortgages, relies upon the decision in *Barnes* v. *Mott* (64 N. Y. 397). In that case it was held, as stated in the

head note, that "where lands incumbered by a judgment are conveyed with covenants of warranty to a purchaser for full value, the grantee and his successors in interest occupy a position similar to that of sureties for the judgment debtor and are entitled to the same equities. A release by the judgment creditor without their consent and with knowledge of their rights of any security to which, in equity, they would be entitled on payment of the judgment, discharges the lien of the judgment."

The court, in that case, say: "The doctrine of subrogation or substitution, at first applied in behalf of those who were bound by the original security with the principal debtor, has been greatly extended, and the principle, modified to meet the circumstances of cases as they have arisen, has been applied in favor of volunteers intervening subsequent to the original obligation, and as between different classes of sureties, and in the marshaling of assets, and prescribing the order in which property and funds shall be subjected to the discharge of different classes of obligations, and as between different classes of creditors, so as to do substantial justice and equity in each case." (p. 401.)

The parties in the case now before us occupy in equity a position that is the reverse of the position of the parties in the *Barnes* case. Silverstein, who was primarily liable to Kratenstein and Weinstein upon the contract made by him with them for labor to be performed and materials to be furnished upon and toward the erection of said buildings, provided in his deed to the Little Giant Company that said company pay all the claims for materials furnished and labor performed upon and toward the erection of said buildings, and that company thereby became as between Silverstein and such company the primary and principal debtor, and Silverstein thereafter occupied as between them the position of a surety. (*Howard* v. *Robbins*, 170 N. Y. 498; *Johnson* v. *Zink*, 51 N. Y. 333; *Tripp* v. *Vincent*, 3 Barb. Ch., 613.) The lien filed by Kratenstein and Weinstein was against the real property so previously conveyed to the Little Giant

Company and then owned by it, the grantee named in said deed, and the principal debtor in equity, for the materials and labor for which the lien was filed. If the lien is paid by the Little Giant Company or from the real property conveyed to it by said deed, against which the lien was filed, there will not survive an enforceable demand in law or equity on the part of any person against Silverstein for the amount of such payment.

The execution and delivery of the release, therefore, in no way affects the rights of the Lawyers Title Insurance and Trust Company.

The principle contended for by the appellant is not applicable to the facts in this case.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur; VANN, J., absent.

Judgment affirmed.