ANDREA D. COLETTI, Respondent, *v.* KNOX HAT COMPANY, INCORPORATED, Appellant.

(Argued November 21, 1929; decided January 7, 1930.)

*S. S. Jennings, Jr.,* and *George N. Hamlin* for appellant. The contract of employment was one for the entire year 1926, and indivisible. It contemplated payment of compensation on the basis of the entire year only and at the conclusion of the calendar year. (*Gressing* v. *Musical Instrument Sales Co.,* 222 N. Y. 215; *Cudney* v. *Phillips Mfg. Co.,* 181 App. Div. 257; *Hebberd* v. *American Sheet Metal Lath Co.,* 90 Misc. Rep. 350; *McMillan* v. *Vanderlip,* 12 Johns. 165; *Clark* v. *N. Y. Life Ins. & Trust Co.,* 64 N. Y. 33.) The contract of employment having been terminated by mutual agreement, plaintiff may recover for alleged unpaid services, claimed to have been performed by him during the period of the contract, only where the agreement of termination expressly or impliedly provides for such payment. (*McCreery* v. *Day,* 119 N. Y. 1; Leake on Contracts [6th ed.], 40; *Lamburn* v. *Cruden,* 2 Man. & G. 253; *Eames Vacuum Brake Co.* v. *Prosser,* 157 N. Y. 289; *Browne* v. *Empire Typesetting Machine Co.,* 44 App. Div. 598; *Natalzzio* v. *Valentino,* 71 N. J. L. 500.)

*Joseph D. Karp* for respondent. The contract became fully executed when the parties mutually agreed to its termination. (*Scheuer* v. *Monash,* 40 Misc. Rep. 668; *Jeffery* v. *Walker,* 72 Hun, 631; *Jenkins* v. *Long & Byrne,* 8 Md. 132; *Jacobsen* v. *Rice Import Co.,* 202 N. Y. Supp. 233; 2 Clark N. Y. Law of Contracts, § 879, p. 1327; *Martin* v. *Insurance Co.,* 148 N. Y. 117; *U. S.* v. *U. S. Fidelity & Guaranty Co.,* 139 App. Div. 262.) When the contract of employment was terminated, the plaintiff's right to compensation for services already performed remained

unimpaired and became immediately vested. (*Aines-worth* v. *Martin*, 77 Penn. Super. Ct. 490; *Freudenberger* v. *Sternberg & Co.*, 67 N. J. 297; *Levy* v. *Jarrett*, 19 S. W. Rep. 333; *Larson* v. *Augustana Colonization Assn.*, 192 N. W. Rep. 108.) The motion for summary judgment was properly granted. (*O'Meara Co.* v. *National Park Bank*, 239 N. Y. 386; *Coutts* v. *Kraft & Bros. Co.*, 119 Misc. Rep. 260; *Jacobs* v. *Korpus*, 128 Misc. Rep. 445; *Tidewater Oil Sales Corp.* v. *Pierce*, 213 App. Div. 796; *Donlin* v. *Carlow*, 120 Misc. Rep. 698; *Gen. Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133; *Commonwealth Fuel Co.* v. *Powpit Co.*, 212 App. Div. 553; *Cleghorn* v. *Ocean Accident & Guarantee Corp.*, 216 App. Div. 342; 244 N. Y. 166.)

KELLOGG, J. The complaint alleges that the plaintiff and defendant, on or about January 31st, 1925, entered into an agreement the terms of which were contained in a writing, of which Exhibit A, attached to the complaint, is a copy. Exhibit A is a letter from the defendant to the plaintiff purporting to confirm an oral agreement for the employment of the plaintiff in certain territory as a sales agent for the defendant. It states that the plaintiff is to have a drawing account at the rate of $7,500 per year, payable bi-monthly; that commissions are to be credited to the plaintiff on the basis of ten per cent on all sales up to $150,000 for the calendar year; that, on all sales above that amount, commissions are to be at the rate of two per cent; that the total of the plaintiff's drawing account, plus money advanced for traveling expenses during the calendar year, are to be deducted from the total commissions; that a check for the balance is to be given to the plaintiff as soon after January 1st, 1926, as may be practicable. The complaint then alleges that the plaintiff, pursuant to the agreement set forth in Exhibit A, entered upon his employment with the defendant and continued therein until January 18th, 1926; that

upon that date the agreement was renewed with a certain modification as to territory, and with the single other amendment that plaintiff's drawing account was to be $10,000 per year rather than $7,500. The complaint, continuing, alleges: " That the plaintiff continued in the employ of the defendant up to on or about September 1st, 1926, pursuant to and in accordance with said agreement Exhibit ' A,' as amended as aforesaid, at which time the employment of the plaintiff by defendant was terminated by the consent and agreement of both plaintiff and defendant." It further alleges that the sales made by the plaintiff between January 1st, 1926, and September 1st, 1926, totaled $150,544.07; that the plaintiff's commissions thereon, at the rate of ten per cent for $150,000 and two per cent for the balance, were $15,010.88; that plaintiff had been paid for his drawing account and traveling expenses $9,038.64; that, after deducting this amount, there was a balance due the plaintiff of $5,972.24, with interest from September 1st, 1926. For this amount the complaint demands judgment. The defendant's answer, although setting forth facts not wholly in accord with the statements made in the complaint, for present purposes may be regarded as admitting that the allegations of the complaint are true. A motion made by the plaintiff for a summary judgment was granted, and a judgment in his favor for the amount demanded in the complaint was entered. The judgment has been affirmed on appeal.

The agreement of termination might have provided for a total rescission of the employment contract as from the beginning. In that case a cause of action to recover the reasonable value of the services rendered, less the amounts paid, would have accrued to the plaintiff. Again, the agreement might have provided that the plaintiff should have commissions, at the contract rate, based upon sales made by him prior to September 1st, 1926, the day when the agreement was made. So far

as appears, the agreement entered into contained no such provisions. The complaint alleges merely that on September 1st, 1926, the plaintiff's employment was " terminated by the consent and agreement " of the parties. Under this statement of the agreement, without more, the presumption is that the parties thereto intended to discharge each other from those contract obligations only which were yet to be performed. (Williston on Contracts, § 1827.) In this view the plaintiff was discharged from the obligation of rendering further services, while the defendant was discharged from the obligation of making further payments. As the commissions, provided for by the contract, would not have been payable until January 1st, 1927, the defendant was released from the duty of paying them. The plaintiff, standing upon the terms of the original contract, the termination of which has been alleged, can have no recovery.

Even if the plaintiff did not intend, by the agreement of discharge, to release the defendant from its promise to pay commissions, nevertheless he may not procure their payment. Under the terms of the contract of employment, entered into on January 18th, 1926, the plaintiff promised to render services to the defendant, as its sales agent, throughout the year 1926. On January 1st, 1927, the plaintiff was to receive commissions at ten and two per cent, reckoned upon the aggregate prices received through sales made by him during the calendar year, less the amounts advanced for expenses and drawing account. When the performance of a contract consists in doing (*faciendo*) on one side, and in giving (*dando*) on the other side, the doing must take place before the giving. (Langdell's Summary of Law of Contracts, § 125.) " In all contracts for service, therefore, the presumption is that the performance of the service is a condition precedent to the payment for it." (Id.) Undoubtedly, in this instance, the performance of services, throughout the year, constituted a condition precedent

upon which the payment of commissions was made dependent. Yearly services were to be exchanged for yearly commissions; an exchange of monthly services for monthly commissions was not provided for. The plaintiff is not entitled to commissions, either for a year or for a part of a year, since the payment of commissions, as an entirety, was made dependent upon the performance of services, as an entirety, and performance of the latter has not been made. In agreeing to terminate the contract of employment the parties did not otherwise provide. The court cannot now interpolate a contract provision which the parties themselves neglected to make.

The authorities amply support the conclusion that the complaint of the plaintiff makes no case for his recovery of commissions reckoned upon sales by him made prior to the termination of the contract. (*Lamburn* v. *Cruden*, 2 Man. & G. 253; Leake on Contracts [6th ed.], 40; *McCreery* v. *Day*, 119 N. Y. 1; *Eames Vacuum Brake Co.* v. *Prosser*, 157 N. Y. 289.) In *Lamburn* v. *Cruden* (*supra*) there was considered the case of a servant engaged at a yearly salary, payable quarterly, who left his employment with the consent of his master one month after the termination of a quarter, without making any stipulation as to compensation to be paid for the month. It was held that for his monthly service no recovery, on the basis of proportioning the yearly salary to the monthly service, might be had. It was there said by TINDAL, Ch. J.: " No new contract arises, by implication of law, upon a simple dissolution of a special contract of hiring and service, in respect of services performed under such special contract previously to its being so dissolved." The principle there enunciated is restated with approval in Leake on Contracts (*supra*) and, as there restated, has met with the approval of this court in *McCreery* v. *Day* (*supra*). The court there said: " Where a contract is rescinded while in the course of performance, any claim in respect of performance, or of what has been paid

or received thereon, will ordinarily ' be referred to the agreement of rescission and in general no such claim can be made unless expressly or impliedly reserved upon the rescission.' " The principle, as thus stated, has been reaffirmed in *Eames Vacuum Brake Co.* v. *Prosser (supra).* It was there held that an agent, employed to work upon a commission basis, after his contract of employment had been terminated, was not entitled to commissions upon unexecuted sales previously bargained for by him, unless the agreement discharging the contract expressly so provided.

It follows that, upon this complaint, the plaintiff is not entitled to a summary judgment, and that the judgment of the Appellate Division and that of the Special Term should be reversed, with costs in this court and in the Appellate Division, and the motion for summary judgment denied, with ten dollars costs.

POUND, LEHMAN, O'BRIEN and HUBBS, JJ., concur; CRANE, J., dissents; CARDOZO, Ch. J., not sitting.

Judgments reveresd, etc.