## In re KAPLAN et al.

District Court, S. D. New York.

Jan. 6, 1937.

Alfred J. Bohlinger, of New York City, for bankrupts.

Benjamin Siegel, of New York City, for trustee Jacob Futterman, of New York City, for petitioning creditors.

Robert P. Stephenson, of New York City, referee in bankruptcy.

KNOX, District Judge.

In dismissing the trustee's third specification of objection to the discharge of the bankrupts, I think the special master viewed the provisions of section 14b (7) of the statute, as amended (11 U.S.C.A. § 32 (b) (7) too narrowly. If the ruling were to stand, it would mean that a matter of substance in respect to the rights of creditors is to be sacrificed out of deference to a mere modal consideration. A bankruptcy proceeding, in which a discharge is sought (Bankr.Act, § 14, as amended, 11 U.S.C.A. § 32), is open until the judge passes finally upon the application. If, before this determination be made, a seasonably filed specification of objection charges that the bankrupt "has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities," the matter may properly be the subject of inquiry at a hearing on the specification. Upon the completion of such inquiry, the judge, when he comes to determine the issue, will be fully advised, and in a position to say at that time if there has been a failure of the bankrupt to discharge an obligation resting upon him. To state the situation a little differently, the bankrupt, by this course of procedure, will have had full opportunity prior to the moment at which his application is to be denied or granted, to make the explanation to which creditors are entitled. His rights, as well as those of creditors, can thus be protected to their full extent. See Matter of Sperling, 72 F. (2d) 259. The foregoing does not mean, however, that demanding an explanation as early as possible would not be desirable, even if not absolutely necessary. Such a procedure would give creditors an early knowledge of the causes of a discrepancy between assets and liabilities and also expedite matters at the time of the application for discharge.

The report of the special master, dismissing the third specification is disaffirmed. The application for discharge and the third specification of objection thereto will be referred to the special master for further hearing and report.