## KOLESINSKI v. MASHEY.

### No. 223.

Circuit Court of Appeals, Second Circuit.

April 7, 1942.

Morris E. Packer and Louis I. Rothenberg, both of Brooklyn, N. Y., for appellant.

Herman Silver and Samuel Willner, Jr., both of New York City, for appellee.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The only real question upon this appeal is whether the finding of the referee that the bankrupt deliberately concealed the Levine judgment when he was examined in supplementary proceedings, was "clearly erroneous." Rule 53(e)(2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Concededly he did in fact conceal this judgment when asked to produce all judgments in his favor, although he produced several others which were older and worthless. The referee declared himself "satisfied" that there were reasonable grounds for believing that the bankrupt had done this knowingly, and there was certainly ample basis in the evi-

dence for his being so "satisfied." Thus the burden shifted to the bankrupt under the proviso to § 14, sub. c, to prove that he had not remembered the judgment, or some other excuse, if he had any. His flimsy explanation that his lawyer was sick failed to convince the referee; and fails to convince us. Why that sickness should have prevented his even mentioning the only good judgment he had, when he produced the others, we cannot understand. The fact that he could not produce any papers touching it, as he did for the others, did not excuse his silence, but rather made some oral mention of it imperative.

The dictum in Re Berry & Co., D.C., 146 F. 623, that in order to bar a discharge, the concealment must be from all the bankrupt's creditors, has nothing to commend it and is overruled.

Order affirmed.