In re STROTZ.

No. 37302–M.

District Court, S. D. California, Central Division.

June 28, 1944.

Simon & Garbus, of Beverly Hills, Cal., for petitioner.

Frank Michels, of Chicago, Ill., and Jacob J. Lieberman, of Los Angeles, Cal., for Reconstruction Finance Corporation.

Raphael Dechter, of Los Angeles, Cal., for E. A. Lynch, trustee.

McCORMICK, District Judge.

Primarily, a misapprehension by some of counsel, as shown by their memoranda filed in the review, should be removed.

The only feature of the review of the referee's order dated December 2, 1942, considered and decided by the judge on May 15, 1943, D.C., 50 F.Supp. 322, was the legal question of the applicable State statute of limitations attachable to the so-called Vollentine claim. This clearly appears from the memorandum and order filed herein May 15, 1943, reference thereto and

to notations thereof in the bankruptcy docket being hereby made.

Thus all issues undecided as aforesaid by the ruling of May 15, 1943, are now before the judge in reviewing the referees' orders dated December 2, 1942, and September 23, 1943, respectively.

The record before us is voluminous, both as to evidential matter and legal memoranda. We have considered it with care and have made proper allowance for the discretion and the prerogative of the trier of facts in reviewing orders of the referee.

The basic question in this review is whether the debtor is entitled under the Bankruptcy Act to have the amended plan under Chapter XI, 11 U.S.C.A. § 701 et seq., filed May 27, 1942, confirmed in the face of objections by his principal creditor.

The ultimate solution of the problem turns upon whether the debtor has been guilty of any of the acts which would be a bar to the discharge of a bankrupt.

Section 14 of the Act, 11 U.S.C.A. § 32, as far as pertinent is as follows: c. "The court shall grant the discharge unless satisfied that the bankrupt (debtor) has * * *, (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors." This provision of the Act is expressly incorporated in and made a part of Chapter XI, and must be given consideration in arrangement proceedings such as the one under review.

While the learned referee evinced a deduction from the evidence that the debtor had resorted to methods calculated to conceal his property during the interdicted time, he concluded that the admitted and undisputed acts of the debtor to that end did not sufficiently establish an intent by the debtor to hinder, delay, or defraud his creditors. We think, after examining the record, that such conclusion is unwarranted and clearly erroneous.

Two outstanding and incontroverted transactions by the debtor, an experienced man of affairs, were designed to remove and conceal a substantial amount of his money and property from the reach of some of his creditors: (1) An obvious instrument of concealment was the so-called F. J. Ward Bank Account, and (2) the irregular method of distributing the funds of the estate of Anna Gould Strotz, deceased, to himself as a residuary beneficiary without court order and the use of some of such money for his personal expenses, reasonably warrant no deduction but that of concealment to hinder and delay creditors.

That the concealment may not have injured the creditors has been held to be irrelevant, Duggins v. Heffron, 9 Cir., 128 F.2d 546, and it is also established by eminent authority that the concealment need not be from all the bankrupt's creditors, Kolesinski v. Mashey, 2 Cir., 127 F.2d 528.

The findings of fact, conclusions of law and order of the referee dated September 23, 1943, are confirmed in toto and adopted and made the findings of fact, conclusions of law and order of this court. Exceptions allowed Reconstruction Finance Corporation.

The findings of fact of the referee dated December 2, 1942, being numbered 1, 2, 3, 3a, 4, 5, 9, 10, 14, 15, 16, 18, 19, 20, to the comma in line 19 of page 7, 22, 24, to the last word on line 25 of page 9, 26a and 27, are adopted and confirmed. All other findings dated December 2, 1942, are not adopted or confirmed but in lieu thereof from the record before the court on review the judge finds that the proposed plan of arrangement is not feasible, that the debtor has been guilty of acts which would be a bar to the discharge of a bankrupt under section 14(4) of the Act in establishing, maintaining and using as an instrumentality of concealment from creditors the so-called F. J. Ward Bank Account in Security-First National Bank of Los Angeles, Hollywood and Cahuenga Branch, in which from October 22, 1939, until August 30, 1940, the debtor made many deposits, aggregating $16,910.77, and issued many checks, as shown by Trustee's Exhibit 2 of the file transmitted by the referee.

Conclusions of law 1 and 2 dated December 2, 1942, are not adopted or confirmed, and are vacated, and in lieu thereof the court concludes that the evidence in support of the objection to the debtor's petition for confirmation of arrangement under Chapter XI of the Act requires that the referee's order approving the amended plan and discharging the debtor, dated December 2, 1942, be vacated and held for naught, and it is so ordered. The proposed amended plan of May 27, 1942, is rejected and this entire record and the files are returned to the referee in bankruptcy for appropriate proceedings in conformity with this memorandum and order.