In re CAPLAN.

No. 289.

Circuit Court of Appeals, Second Circuit.

June 6, 1945.

Philip I. Delfin, of New York City, for bankrupt-appellee.

N. William Welling, of New York City, for Schieffelin & Co.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

While the bankrupt was operating a drug store in 1930, he made a general assignment under the law of New York for the benefit of his creditors. He turned his books of account and financial records over to his assignee without doing anything to make sure that they would be preserved or returned to him. They have disappeared and none of them have been, or can be, found.

Since he made the assignment just mentioned, the bankrupt has been a wage earner and on June 9, 1944, filed a voluntary petition in bankruptcy in the District Court for the Southern District of New York. His schedules disclosed that he had no books of account or records from which his financial condition or business transactions could be ascertained. Many of the debts he owed when he assigned for the benefit of his creditors were scheduled among his liabilities and one of those creditors filed four specifications of objection to his discharge. They were that he had destroyed his books of account and records; that he

had failed to keep such books and records; that he had failed to preserve them; and that he had failed to explain satisfactorily his loss of assets or the deficiency of his assets to meet his liabilities. The referee found that his books and records had not been preserved and, holding that he had not justified his failure to preserve them as required by § 14, sub. c(2) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(2), as a condition precedent to his discharge, sustained that objection and overruled the others. On petition to review, the district judge reversed the referee as to this objection but otherwise confirmed and granted the discharge. The objecting creditor has appealed.

■ The objections which the referee held were not sustained and as to which the judge agreed need not be discussed at length. The first two clearly were not proved and the appeal as to the fourth rests in part on the highly technical and insubstantial ground that he failed at the first adjourned meeting of his creditors to make a satisfactory explanation of his loss of assets and their insufficiency to meet his liabilities though he did make a satisfactory explanation at the hearing on his application for a discharge. Though the bankrupt was under an obligation to make the explanation and to do that at the creditors' meeting when called upon to do so, he was not foreclosed as a matter of law from making an additional attempt after his first effort had failed and he was faced with an objection to his discharge based upon such failure. Compare, In re Kaplan, D. C., 17 F.Supp. 956. The time when the explanation might be made was within the discretion of the court which will be disturbed on appeal only when it has been abused. In re Brown, 2 Cir., 87 F.2d 306.

■ On the merits, we have no doubt of the correctness of the finding that a satisfactory explanation was made and we would disturb a concurrent finding of the referee and the judge only when it was a plain mistake. In re Levy, 2 Cir., 92 F.2d 436. The bankrupt began operating this drug store in March 1929 and could not survive the effect of the change in business conditions which occurred in the fall of that year. He had been buying goods largely on credit and apparently the value of his assets, if ever sufficient to justify the credit he had obtained, became decidedly out of proportion to his liabilities when he was compelled to go out of business. He was a victim of conditions which to common knowledge affected business adversely at that time, and after a lapse of fourteen years he made as good an explanation as could reasonably be expected.

■ We also agree with the district judge that he justified his failure to preserve his books and records. His assignee was not his agent but was under New York law a statutory trustee for his creditors. Brown v. Guthrie, 110 N.Y. 435, 18 N.E. 254; Bowdish v. Page, 153 N.Y. 104, 47 N.E. 44. He was bound to deliver his books and records to the assignee on the assumption that he would be a safe custodian of them for that purpose. While the assignee was under no obligation to preserve them indefinitely and is not to be criticized for his failure to do so for fourteen years, their disappearance while in his custody was hardly to be foreseen by this bankrupt. There was, of course, a risk that what has happened would happen and that was a risk the bankrupt took when he made no effort to secure the return of the books and records or to have the assignee preserve them after the assignment proceedings were finished. Whether he was justified in taking this risk depends, of course, upon the circumstances. In this instance his creditors had already been given the opportunity to inspect them and there is nothing to show that he did in fact believe, or have reason to believe, that they would be needed again in connection with his affairs. As it has turned out he was mistaken and failed to preserve his account books and records but under these circumstances we are not prepared to say that it was erroneous for the district judge to disagree with the referee and hold that his failure was justified. Where decision depends upon weighing conclusions reached upon facts which are not in dispute, the scope of the district judge's power to review permits him to do so. In re M. & M. Mfg. Co., 2 Cir., 71 F.2d 140, 142; In re Gurney, 2 Cir., 71 F.2d 144.

Affirmed.