**ABRAMS v. ASTOR et al.**

No. 20987.

United States Court of Appeals
Second Circuit.

Nov. 9, 1948.

Louis Jacobus, of New York City, for appellant.

David Romanoff, and Bernard R. Selkowe, both of New York City, for appellees.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

■ On an appeal like this, where the issue of breach of contract must be resolved largely on the oral testimony of witnesses heard by a referee whose findings were accepted by the district judge, there must be an absence of any supporting testimony or something inherently improbable in the testimony relied on to support the findings before we can say that they are "clearly erroneous." Unless we can come to that conclusion the findings are to be given effect, as we have many times held. In re Lawrence, 2 Cir., 134 F. 843; In re Oriel, 2 Cir., 23 F.2d 409; Oneida Valley Nat. Bank v. Balish, 2 Cir., 130 F.2d 255; Morris Plan Industrial Bank v. Henderson, 2 Cir., 131 F.2d 975; Michelsen v. Penney, 2 Cir., 135 F.2d 409; Mergenthaler v. Dailey, 2 Cir., 136 F.2d 182; In re Caplan, 2 Cir., 149 F.2d 731.

■ In this instance there is some evidence that the claimant told the debtors, in effect, that he was, indeed, "quitting his agency," as the referee found. While appellant did not use those exact words, what he did say could in its setting reasonably be so construed. After the parties had discussed the debtors' need to have sales made directly to retailers, and the appellant had declined the suggestion that he so sell, he wished the debtors the best of luck and said, "If you can get somebody else to sell to dealers you go your way and I will go mine, there will be no hard feeling." This is not the language one would expect from a man who was insisting upon having the terms of his existing contract carried out but that of one who was offering to bring it to an end by mutual agreement. The letter the debtors wrote him a few days later shows their acceptance and supports the finding of the referee to that effect. Thereafter both parties were relieved of their obligations in futuro under the contract and the disallowance of the claim was correct. Coletti v. Knox Hat Co., 252 N.Y. 468, 169 N.E. 648; Eames Vacuum Brake Co. v. Prosser, 157 N.Y. 289, 51 N.E. 986; Savage Arms Corp. v. United States, 266 U.S. 217, 45 S.Ct. 30, 69 L.Ed. 253; Benward v. Automobile Ins. Co., D.C., 60 F.Supp. 995 affirmed, 2 Cir., 155 F.2d 521; Rest. Contracts §§ 406, 407; Williston, Contracts § 1826.

Order affirmed.