## McINNES v. PUBLISHERS SERVICE CO., Inc.

No. 225, Docket 21285.

United States Court of Appeals
Second Circuit.

May 24, 1949.

648

Lillie E. McInnes, pro se, for claimant-appellant.

Gordon, Brady, Caffrey & Keller, New York City, Milton E. Mermelstein, New York City, and Albert I. DaSilva, New York City, of counsel, for debtor-appellee.

Before CHASE, CLARK and DOBIE, Circuit Judges.

PER CURIAM.

The appellant was a contestant in a picture puzzle contest for cash prizes conducted in 1945 by a magazine called "Facts" which was published by the appellee. She was not awarded a prize when the contest was completed but insists that she submitted correct answers which entitled her to one. In 1946, the appellee filed its petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and the appellant filed a claim in those proceedings. After hearing the referee granted appellee's motion to expunge the claim and this order was confirmed by the court. A motion for rehearing was denied and the appeal is from both orders.

The appellant solved all the puzzles in the group which became the pertinent one so far as she was concerned and submitted answers which corresponded to the so-called "official answers" except one designated No. 79 which she answered differently. Many other contestants submitted answers to that which were correct according to the "official answer" but, nevertheless, she insisted her answer was right and the "official answer" wrong.

The referee made no finding to resolve this controversy being of the opinion that he lacked the power to rejudge the contest. Even if he was wrong in this respect, the failure to make any finding did not prejudice the appellant for it is clear that the evidence did not justify a finding that the "official answer" was wrong, or that the appellant's answer was correct, or, even if her answer had been correct, that appellant was entitled to the prize claimed or to any prize. The referee held that the contest was not conducted fraudulently and that the appellee, which employed an independent company to judge the contest and make the awards, fully satisfied its obligations as to awarding the prizes by adopting as its own the decisions so made which were based upon the "official answers" as the standard of correctness.

As the findings are supported by the evidence and they in turn support the order expunging the claim, no error has been shown. Kolesinski v. Mashey, 2 Cir., 127 F.2d 528; Mergenthaler v. Dailey, 2 Cir., 136 F.2d 182; In re Caplan, 2 Cir., 149 F.2d 731.

Order affirmed.