Edward ¡S. Conway, J.
This is a motion by the defendant New York State Teachers’ Retirement System, hereinafter referred to as Teachers’, for an order dismissing the cross claim of defendants Abraham Hirschfeld and 112 State Street Operating Co., Inc., hereinafter referred to as Hirschfeld and 112 respectively, on the ground that a defense thereto is founded upon documentary evidence pursuant to CPLR 3211 (subd. [a], "par. 1).
The defendants Hirshfeld and 112 oppose the motion by Teachers’ and make their own cross motion for an order granting them summary judgment against defendant Teachers ’ upon their cross claim pursuant to subdivision (c) of CPLR 3211.
This is an action brought by the Bank of New York, Albany for specific performance of1 a provision in a lease and supplemental lease entered into between the Bank of New York, Albany as tenant and 112 as agent for Hirschfeld as landlord on May 18, 1971.
The lease required the landlord to provide 10 free parking places in the adjoining garage building to be erected at 104-112 State Street, free of charge to tenant during the term of the lease and any renewal periods. Additionally, it was stated in article 42 of the said lease as follows: “ A supplemental lease between Abraham Hirschfeld and the Tenant is being entered into today providing ten (10) free spaces to Tenant as part of the consideration of this lease. Said spaces áre .to be available throughout the term of this lease and any and all renewal periods. ’ ’
Simultaneously, and in conjunction with the execution of the main lease, a supplemetal lease was entered into. The supplemental lease provides in part as follows: “ The consideration for this Lease is embodied in the Lease between the Landlord and Tenant, which are two separate entities, executed this day for the rental of space in the basement, ground and second floors of 112 State Street, Albany, New York. This Lease is wholly dependent upon and intended to operate in conjunction with said Lease. This Lease is accordingly subject to all of the terms and conditions, covenants and agreements in said Lease. Tenant, 'however, has no interest in the garage other than permission to park ten (10) cars free of charge.”
*417 On January 6, 1972, defendant Hirschfeld conveyed the premises known as 112 State Street to defendant 112, and said conveyance was recorded in the Albany County Clerk’s office on the same date. Defendant Teachers’ held three mortgages which were consolidated to form' one lien on premises 112 State Street. On January 19, 1978, 112 conveyed the premises known as 112 State Street to the defendant Teachers’ in lieu of foreclosure of the mortgage® and subject to the leases. This deed was duly recorded in the Albany County Clerk’s office on the same date of the conveyance.
An order -of specific performance as against both defendants has been granted to plaintiff in another proceeding brought on before this court at the April 27, 1973 Special Term.
The Teachers’ contend that Hirschfeld and 112 have no claim against them because of the lease between them and the Bank of Hew York, Albany. Under that-lease any action for damages resulting from its nonperformance must be against defendants Hirschfeld and 112 (the nonperforming parties). Teachers’ further contend that the covenant for the furnishing of. the 10 parking 'spaces does not run with the land. The court cannot agree with these contentions of the defendant Teachers’.
The defendant Teachers'’ as the present owner of the premises and the recipient of the benefits under the lease is liable under the lease for the performance of the covenants in the lease. The covenant to provide parking ¡spaces runs with thé land (Neponsit Prop. Owners’ Assn. v. Emigrant Ind. Sav. Bank, 278 N. Y. 248; Clemente Bros. v. Peterson-Ashton Fuels, 29 A D 2d 908). Therefore, defendant Teachers’ is liable for performance of the covenants upon the basis of privity of estate even though Hirschfeld and 112 may be liable for performance of the covenants on the basis of privity of contract.. When property subject to a mortgage, charge or other burden for the satisfaction of an obligation owed by the owner is transferred subject to the burden, the transaction creates a principal-surety relationship between the transferee and the transferor (57 H. Y. Jur., Suretyship and Guaranty, § 25).
Suretyship by operation of law results where a debtor’s obligation has been assumed by -someone else, without a novation or -where specific property of the debtor has been transferred in such manner as to place the property under the burden of the obligation (Paris v. Lawyers Tit. Ins. and Trust Co., 206 N. Y. 637).
*418 This court is of the opinion that article 42 of the lease calling ■for 10 free spaces and the provision in the supplemental lease providing for permission to park 10 cars free of charge was intended and understood to mean without additional rent. The main lease originally had without doubt an amount figured in the rent to cover the cost of furnishing the parking spaces which is now being collected by the Teachers ’ and the defendant Teachers’ thus has the primary responsibility for furnishing the said spaces and the liability of Hirschfeld and 112 is that of a surety only. Defendant Teachers’ as the primary debtor owes Hirschfeld and 112 the duty to perform the obligation to provide the parking spaces so that they will not be called upon to perform this obligation.
Therefore, the motion of defendant Teachers’ to dismiss the cross claim is denied, and the motion of Hirschfeld and 112 for summary judgment is granted.