**In the Matter of PAUL R. DEAN CO., INC., Bankrupt.**

No. BK–73–813.

United States District Court, W. D. New York.

Nov. 13, 1978.

See also, D.C., 460 F.Supp. 447.

**454**

Paul J. Suter, Rochester, N. Y. (C. Bruce Lawrence, Rochester, N. Y., of counsel), for Joseph S. Carges, Trustee in Bankruptcy.

Louis N. Kash, Corp. Counsel, Rochester, N. Y. (Joseph A. Regan, Rochester, N. Y., of counsel), for City of Rochester.

### MEMORANDUM and ORDER

ELFVIN, District Judge.

The City of Rochester ("the City") appeals from two decisions of the bankruptcy court, the first denying its motion to amend a proof of claim filed by Great Lakes Dunbar Rochester ("GLDR") and the second disallowing the City's claim.

The two appeals are an outgrowth of the City's construction contract with GLDR. Under the terms of the contract, the City was authorized to withhold ten percent of each periodic payment due GLDR. GLDR's performance of the contract is not in dispute. Paul R. Dean Co., Inc. ("Dean") of-fered certain services to GLDR whereby Dean would substitute securities for the retainages, without GLDR having to pay for the securities in advance. GLDR agreed to accept the services of Dean and sent a letter to the City stating that Dean was authorized to act as its agent for the deposit of municipal securities in lieu of its retained percentages. The letter also stated that the City was empowered to pay over the retentions to Dean upon receipt of securities by the City. Unknown to GLDR, the City had an arrangement with Dean that allowed Dean to hold the securities for the City by placing them in a safe deposit box. Dean periodically sent letters to the City stating that it had purchased securities in the account of GLDR, that it was holding them "as agent for the City * * *" and asking that the City forward Dean a check in an amount equivalent to the value of the purchased securities. During April, 1973 it became apparent that the securities were not in existence. Although GLDR took the position that the City was liable to it for the retainages, it filed a claim in the bankruptcy proceeding. The City, although a scheduled creditor, did not file a claim in the bankruptcy proceeding.

### May 1977 Appeal

An application to amend GLDR's claim ("claim 31") was filed by the City. Bankruptcy Judge Hayes denied the City's application on two grounds: (1) that the City did not have the authority to amend the claim because it belonged to GLDR and had never been assigned or transferred to the City; and (2) that the application was an unliquidated claim.

In its application to amend claim 31 the City stated: "Claim ¶ 31 describes the contentions of the claimant that the aforesaid amount may ultimately prove to be owing to the City of Rochester instead of to itself." A review of claim 31 shows that it was filed by the attorney for GLDR solely on behalf of GLDR. The claim does describe the conflict existing between the

City and GLDR as to who (the City or Dean) owed GLDR the money withheld from the contract, but the language of the claim does not manifest any intent on the part of the claimant to file on behalf of the City. As the Trustee points out in his brief, GLDR's claim is conditional; it states that the bankrupt is liable to GLDR only if GLDR is unable to recover from the City. In addition, only a creditor or its authorized agent may file a claim against a bankrupt's estate. Bankruptcy Rule 301(a); *Hoos v. Dynamics Corp. of America,* 570 F.2d 433 (2d Cir. 1978). GLDR was not an authorized agent of the City; therefore, it could not have filed a claim in the City's behalf.

The City argues that it has a right to amend the claim because it may turn out to be the actual owner of the claim. At the time the City moved to amend, GLDR had been granted summary judgment against the City in the New York State Supreme Court. The City appealed the state court decision, but argued that if it lost the appeal it would be the owner of the claim.

The bankruptcy court has jurisdiction to determine the rightful owner of a claim. *In re United Cigar Stores Co. of America,* 75 F.2d 290 (2d Cir. 1935). A proof of claim may be amended in order to substitute parties, where the amendment would make the real party in interest the holder of the claim. *In re Ingersoll Co.,* 148 F.2d 282 (10th Cir. 1945); *In re Levinson,* 1 F.2d 851 (9th Cir. 1924), *cert. denied sub nom. Greene v. Boothe,* 267 U.S. 598, 45 S.Ct. 354, 69 L.Ed. 806 (1925); *In re Ellis, Inc.,* 252 F. 483 (3d Cir. 1918); *McDonald v. State of Nebraska,* 101 F. 171 (8th Cir. 1900); *In re McCarthy Portable Elevator Co.,* 205 F. 986 (D.N.J.1913). The cases cited by the City are factually distinguishable from the instant case. In each such case, the person seeking the amendment contended that he was the sole rightful owner of the claim. In each of those cases wherein the courts permitted substitution, the amendment resulted in there being only one claimant. Here, the City is not arguing that it is the real party in interest; the City wants the claim amended to read that Dean

is liable either to GLDR or to the City. Such an amendment would not be a mere substitution of parties, but would be a substantive amendment of the claim. The City is trying to use the device of amendment to inject its claim into the bankruptcy proceeding.

Although both the City's claim and GLDR's claim are outgrowths of the City's contract with GLDR, their rights are based on different sets of facts and their own contractual relations with the bankrupt. GLDR's claim against the bankrupt is bottomed on its agreement with Dean that Dean would substitute bonds for the retainages earned by GLDR. Any claim that the City would have against Dean would be founded on its agreement with Dean whereby Dean held the purchased bonds as an agent for the City.

The bankruptcy court determined that GLDR was the rightful owner of claim 31 and this conclusion is amply supported by the evidence before the court.

The contentions of the parties as to the effect of the assignment of claim 31 to the City will be discussed below.

*October 1977 Appeal*

The City filed suit against the Chemical Bank of New York and Great Lakes Dredge & Dock and Dunbar & Sullivan Company, d/b/a GLDR in the New York State Supreme Court. GLDR moved for summary judgment on its counterclaim against the City for the balance owing on its contract with the City and for the interest that would have accrued on the municipal bonds supposedly held by Dean. Justice Emmett Schnepp of the New York State Supreme Court, Monroe County, decided in favor of GLDR on its counterclaim for the retainages. The City appealed and on February 18, 1977 the Appellate Division, Fourth Department, affirmed Justice Schnepp's decision. Judgment was entered against the City February 28, 1977 and on March 9, 1977 the City tendered payment to GLDR of the full amount of the judgment. Thereafter, on March 21, 1977, GLDR assigned all right,

title and interest in its claim in bankruptcy to the City. On the same day, the trustee in bankruptcy filed an objection to claim 31, arguing that GLDR no longer had a claim against the bankrupt.

A copy of the assignment was forwarded to Judge Hayes April 4, 1977. The City then applied for permission to amend claim 31, stating that its ownership had been disputed in the state courts, that judgment had been rendered against the City in the Appellate Division, that the City had made full payment to GLDR and "that by virtue of said payment, the City of Rochester became subrogated and succeeded to the rights of GLDR in and to claim No. 31." The City also cited the assignment dated March 21, 1977 as a further ground for allowing it to amend the claim. The trustee objected to the City's application. Judge Hayes rejected the City's contention concerning its status as a surety. In addition, Judge Hayes stated that assignment of the claim only gave the City such rights as were held by GLDR and that payment by the City to GLDR terminated GLDR's claim. The court also found the claim to be unliquidated and contingent because it was based upon proving conversion of GLDR's property by the bankrupt which had not been done. In accordance with its findings, the court denied the City's claim.

On appeal the City argues that the claim of GLDR was not contingent, that even if GLDR intended the claim to expire if the City "did not finally prevail in a proper tribunal * * *" such event has not occurred, that the bankrupt undertook to pay the City's obligation with respect to the deposited bonds thereby making the bankrupt the principal debtor and the City the surety entitling the City to subrogation as a result of its payment to GLDR and that the City was assigned the unexpired claim of GLDR. The trustee maintains that the City was not a surety, that even if it were it should have filed a claim in the bankruptcy proceedings, that the claim was contingent and upon payment by the City ceased to exist and that the City as either a subrogee or assignee gets no greater rights than those of the subrogor or assignor.

In determining whether to allow a claim, the bankruptcy court sits as a court of equity. 3 Collier on Bankruptcy ¶ 57.14 (14th ed. 1977). "[A] bankruptcy court has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence." *Pepper v. Litton,* 308 U.S. 295, 305, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939). *See, e. g., McInnes v. Publishers Service Co.,* 174 F.2d 647 (2d Cir. 1949). Both sides had an opportunity to introduce evidence at the hearing held by Judge Hayes. After reviewing all the facts, he determined that the City's relationship with Dean was not that of surety and principal debtor with respect to the payment of retainages to GLDR. This conclusion is supported by the record.

A suretyship may arise by operation of law when one person promises for sufficient consideration to pay the debt of another to a third person. As between the promisor and promisee, the former becomes the principal obligor and the latter the surety. 74 Am.Jur.2d Suretyship § 8. *See, also,* 72 C.J.S. Principal and Surety § 38. The cases cited by the City do not support its argument. In most of the cited cases there had been an express promise by one party to assume the debt of the original debtor. *See, e. g., Henry v. First Nat. Bank of Ardsley,* 110 N.Y.S.2d 115 (Sup.Ct., Westchester Co.1951); *Paris v. Lawyers Title Insurance and Trust Company,* 206 N.Y. 637, 99 N.E. 83 (1912); *Lawrence v. Fox,* 20 N.Y. 268 (1859).

There is no proof in the record to indicate that Dean ever assumed the debt of the City to GLDR. In fact, the record reveals that Dean was treated as the City's agent and not as the principal debtor. In the letters Dean wrote to the City stating it had purchased a particular bond, Dean stated "Please be advised that we are holding the following as agent for the city of Rochester and will not release same to the contractor until such time as written authorization is received from the City". The City did not introduce evidence of a contractual arrangement with Dean indicating that Dean had assumed the responsibility for releasing the bonds held in lieu of retainag-

es to GLDR. It appears that if Dean had released the bonds without authorization from the City that Dean would have breached its agreement with the City. In its application to amend claim 31 the City referred to Dean as its agent. (*See,* paragraph 8 of Application to have Claim Amended.) Justice Schnepp at page 8-e of his decision states "City concedes that Dean held the bonds as its agent * * *". The relationship between the City and Dean was that of principal and agent, not surety and principal debtor.[1]

■ The City argues that claim 31 cannot be contingent because there was no question of Dean's liability to GLDR at the time GLDR filed its claim. In its brief, the City states that the claim was based upon the agreement between GLDR and Dean and that GLDR made pursuit of Dean contingent on its ability to recover from the City and not on Dean's liability.

The arguments raised by the City in its reply brief do point out that claim 31 was not the normal type of contingent claim. Usually a contingent claim is one in which liability has not yet accrued and which depends upon the occurrence of some future event that may never happen. Black's Law Dictionary 392 (Rev. 4th ed. 1968). A contingent claim has also been defined as "[a] * * * claim * * * as to which it remains uncertain, at the time of filing of the petition in bankruptcy, whether or not the bankrupt will ever be liable to pay it." *In re Serignese,* 214 F.Supp. 917, 920 (D.Conn.1963), *aff'd sub nom. Goring v. United States,* 330 F.2d 960 (2d Cir. 1964) (per curiam). The court in *Serignese,* although noting that the bankrupt's liability existed at the time the claim was filed, pointed out that it was contingent because payment of the taxes by a third party would lead to nonliability on the part of the bankrupt. However, in the instant case payment by the City would not totally ex-

tinguish all of GLDR's claims against the bankrupt. Payment by the City would bar GLDR from collecting the monies still due it on the construction contract, but GLDR might have other claims against the bankrupt that would not be terminated by such payment. However, GLDR chose to condition its claim on its ability *vel non* to recover from the City. Whether claim 31 can properly be denominated as a contingent claim is not important to the resolution of this dispute. The language of the claim clearly shows that once GLDR received payment from the City it would not attempt to hold the bankrupt's estate liable for the retainages.

Another argument raised by the City is that the condition set up by the claim—that the City "not finally prevail in a proper tribunal with respect to such contentions"—has not yet occurred because the City has not received notice of the entry of judgment and, therefore, there is no final judgment. The affirmance by the Appellate Division and the City's payment of the judgment fulfills the condition.

■ According to the City, even if claim 31 was contingent it had to be formally withdrawn. The bankruptcy judge is empowered to look beyond the allegations of a claim to the underlying facts to determine if there is a valid claim. A hearing was held and the bankruptcy judge determined that claim 31 should not be allowed. Even if the bankruptcy judge was incorrect in concluding that claim 31 was contingent, he was correct in determining that the claim was extinguished by the City's payment to GLDR.

■ As to the City's position that there are still contractual claims of GLDR outstanding which the City may pursue as the assignee of GLDR, GLDR's claim did not specifically set forth its contractual claim and the proposed amendment by the City sets forth the City's claim against the bank-

---

1. It should be noted that the amendment the City proposes substantially changes the claim filed by GLDR. A surety only has such rights as are given to him by the bankruptcy law. 3A Collier on Bankruptcy ¶ 63.18 (14th ed. 1975). A surety may only prove the creditor's claim in the creditor's name. Bankruptcy Rule 304.

The surety does not have an independent cause of action against the bankrupt. *Phoenix Indemnity Company v. Earle,* 218 F.2d 645 (9th Cir. 1955); *In re Miller,* 105 F.2d 926 (2d Cir. 1939). It is clear that the City is not pursuing the claim of GLDR, but is trying to assert its own claim.

rupt, not GLDR's claim. An assignee can only prove the claim of the assignor and its rights are no greater than those of the assignor. If GLDR has an outstanding claim against the bankrupt, it would not be for $2,129,005.⌐1.

The City also argues that the trustee did not overcome the presumption of validity created by Bankruptcy Rule 301(b). The bankruptcy act makes a duly executed and filed proof of claim prima facie evidence of the claim's validity. However, once the trustee has introduced affirmative proof showing the invalidity of a claim, the burden is on the claimant to prove by a preponderance of the evidence that it has a valid claim. The bankruptcy judge determines whether the claimant has carried its burden. 3 Collier on Bankruptcy ¶ 57.13 (14th ed. 1977). Bankruptcy Judge Hayes concluded that claim 31 was not valid. The evidence in the record supports this conclusion.

It is therefore hereby

ORDERED that the orders of the Bankruptcy Court dated February 23, 1977 and July 27, 1977 are affirmed.